Sue JOHNSON, Relator,

v.

The Honorable **FOURTH COURT OF APPEALS**, Respondent.

No. C–4100.

Supreme Court of Texas.

Dec. 11, 1985.

Law offices of Pat Maloney, Janice Maloney, San Antonio, for relator.

House & House, C.G. House, San Antonio, for respondent.

## ORIGINAL MANDAMUS

McGEE, Justice.

The question in this mandamus proceeding is whether a trial court has discretion to grant a new trial in the interest of justice. We hold that the granting of a new trial for that reason is within the trial court's discretion and conditionally order the court of appeals to vacate its previous judgment.

Relator, Sue Johnson, was raped and brutally beaten in her apartment. She sued the security guard on duty the night of the incident and the security agency providing security for the apartment complex. The cause was tried to a jury which found the guard negligent and his conduct a proximate cause of the assault. The security agency was found negligent but its negligence was not found to be a proximate cause. The damage issue was conditionally submitted and so the jury did not answer it. Johnson objected to the incomplete verdict before the jury was discharged and asked for a mistrial. The mistrial was granted.

The security agency sought mandamus in the court of appeals, arguing that the mistrial was erroneously granted. The

court of appeals conditionally granted the mandamus in an unpublished opinion, holding that (1) there was no irreconcilable conflict in the jury's answers and (2) Johnson waived her right to a jury trial on damages by failing to object to the conditional submission of the damages special issue.

In response to the mandamus, the trial court rendered judgment that Johnson take nothing from defendants. Johnson, thereafter, timely filed a motion for new trial which was granted.

The security agency again sought mandamus relief and, in an unpublished opinion, the court of appeals again granted it, this time overturning the trial court's order of new trial because it was "granted for the same reasons the mistrial was erroneously granted." Johnson, by mandamus action to this court, seeks to compel the court of appeals to rescind its judgment.

Since June 19, 1983, the courts of appeals have exercised concurrent mandamus jurisdiction with the Supreme Court over district judges of this state. Government Code, ch. 480, §§ 22.002 and 22.221, 1985 Tex.Sess.Law Serv. 3367, 3369, 3386 (to be codified at TEX.GOV'T CODE §§ 22.002(a) and 22.221(b) (Vernon)). As a result of this expansion of jurisdiction, we have increasingly been asked to decide whether a court of appeals has abused its discretion in granting mandamus relief. This issue typically arises when the court of appeals grants mandamus relief to a party based upon an abuse of discretion in the trial court. The party adversely affected by the mandamus judgment seeks review by mandamus in this Court, arguing that the court of appeals abused its discretion in holding that the trial court abused its discretion. The use of the phrase, "abuse of discretion," to describe the alleged misfeasance of both the trial court and the court of appeals is unfortunate because its meaning in each context is not the same. The discretion exercised by a trial court when ruling on an interlocutory matter is ordinarily quite broad, whereas the discretion exercised by an appellate court possessing mandamus power is much more confined.

■ Although the writ of mandamus is a discretionary remedy, its use is subject to certain conditions. *See Appellate Procedure in Texas*, § 1.2(1)(b) (2d ed. 1979). Namely, the court of appeals may issue writs of mandamus "agreeable to the principles of law regulating those writs." TEX.GOV'T CODE § 22.221(b). Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). The court of appeals, therefore, acts in excess of its writ power (abuses its discretion) when it grants mandamus relief absent these circumstances. *See Peeples v. Fourth Court of Appeals* (Tex.1985); *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105 (Tex. 1985).

■ A trial court, on the other hand, abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *King v. Guerra*, 1 S.W.2d 373, 376 (Tex.Civ.App.—San Antonio 1927, writ ref'd); *Bush v. Vela*, 535 S.W.2d 803, 805 (Tex.Civ.App.—Corpus Christi 1976, mand. overr.). A relator who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden. *Lutheran Social Services, Inc. v. Meyers*, 460 S.W.2d 887, 889 (Tex.1970). The relator must establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision. This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion. *Pat Walker & Company, Inc. v. Johnson*, 623 S.W.2d 306, 308 (Tex.1981). As we wrote in *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290, 295 (1959):

When it is once decided that a trial judge exercising a "discretionary" authority has but one course to follow and one way to decide then the discretionary power is effectually destroyed and the rule which

purports to grant such power is effectively repealed.

In order to find an abuse of discretion, the reviewing court must conclude that the facts and circumstances of the case extinguish any discretion in the matter.

■ We apply these principles in mandamus proceedings. Our focus remains on the trial court's order regardless of the court of appeals' decision on mandamus. We make an independent inquiry whether the trial court's order is so arbitrary, unreasonable, or based upon so gross and prejudicial an error of law as to establish abuse of discretion. A mere error in judgment is not an abuse of discretion. Although we may believe that the court of appeals has exercised better judgment than the trial court in the matter, we must nevertheless grant the mandamus and direct the court of appeals to vacate its judgment if there is some basis in reason and law for the order of the trial court. If the matter is truly one requiring the exercise of discretion, such discretion lies with the trial court. An appellate court may not substitute its discretion for that of the trial court. *Davis v. Huey,* 571 S.W.2d 859, 863 (Tex.1978); *Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290, 295 (1959). The writ of mandamus will issue only in a proper case to correct a clear abuse of discretion. *See Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959); *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677 (1956).

Trial courts have always had broad discretion in the granting of new trials. *Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial Dist. of Texas,* 162 Tex. 613, 350 S.W.2d 330 (1961); *Wright v. Swayne,* 104 Tex. 440, 140 S.W. 221 (1911). In *Johnson,* we recognized two instances when a Texas appellate court has overturned the trial court's grant of a new trial. These instances are:

1.   When the trial court's order was wholly void as where it was not rendered in the term in which the trial was had; and

2.   Where the trial court has granted a new trial specifying in the written order the sole ground that the jury's answers to special issues were conflicting.

*Johnson,* 350 S.W.2d at 331.

Neither of the above instances are present in this case. The motion for new trial was granted during the trial court's plenary power over the case and the trial court did not specify conflict in answers as grounds for granting the motion.

The security agency argues that Johnson's motion for new trial was premised on the same grounds asserted in its motion for mistrial (that is, waiver of damages and irreconcilable conflict in the jury's answers), which were rejected by the court of appeals. Therefore, the agency urges that the trial court abused its discretion by granting the new trial on those identical grounds. Johnson's motion for new trial did include a ground previously presented in her motion for mistrial, that is, no waiver of damages. However, Johnson additionally prayed that the trial court grant her motion for new trial "in the interest of justice and fairness." The court's order stated that:

·After reading said motion for new trial and hearing argument of counsel on said motion for new trial, [the trial court] finds that said motion is good and that a new trial should be granted.

The order does not state the grounds on which the trial court granted Johnson's motion for new trial. Upon inquiry by the security agency, Judge Haberman stated:

In total fairness of the entire case, the court is granting a new trial.

The record does not disclose that the new trial was granted on the same grounds previously overruled by the court of appeals. We hold that the trial court granted the new trial "in the interest of justice and fairness." This was not an abuse of discretion. Accordingly, the trial court's judgment should not have been disturbed.

We conditionally grant Johnson's petition for writ of mandamus. The writ will issue only if the court of appeals does not vacate its mandamus judgment.