Robert J. BATSON, Relator,

v.

Honorable John D. RAINEY, Judge of 149th District Court of Brazoria County, Texas, Respondent.

No. 01–88–00959–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 8, 1988.

Gary L. McConnell, McConnell & Klement, P.C., Angleton, for relator.

Georgia Becker Hughes, Robert E. Kelly, Jr., Phillips Petroleum Co., Houston, Tex., Carla Cotropia, Mill, Shirley, Eckel & Bassett, Galveston, for respondent.

Before JACK SMITH, DUGGAN and DUNN, JJ.

PER CURIAM.

Relator, Roger J. Batson, seeks relief from the respondent's order that compels

him to answer deposition questions and one interrogatory. Relator also seeks relief from another order compelling him to execute a medical authorization form that permits the real parties in interest, Phillips Petroleum Company ("Phillips"), C.A. Jernigan, M.D., South Texas Medical Clinics, P.A. ("South Texas"), and International Clinical Laboratories, Inc. ("International"), to examine certain medical records.

Relator filed suit against the real parties in interest alleging that Phillips had wrongfully terminated his employment contract on the basis of a positive blood/alcohol test that was negligently administered by Jernigan, South Texas, and International. The real parties in interest contend that relator's employment was terminated because he had a history of drug and alcohol dependence and that the test result was not the sole reason for termination. They also deny that the test was negligently administered.

Relator contends that the respondent abused his discretion by ordering relator to answer the following deposition questions:

a. Did you ever have any trouble while you were in high school of taking any drugs that were nonprescription drugs?

b. Did anyone ever tell you while you were in high school or after you left high school and went to work for Phillips that they considered you had an alcohol problem?

c. What kind of problem were you having that led up to you going to see Mr. Ross back in February, 1986?

d. You heard the Court Reporter read where you started to talk about a conversation you had with the fellow at His Love Christian Service, is that right? My question is what did the man say to you when you went down and talked with him at His Love Christian Service?

e. Did you learn anything about your personality when they talked to you about the personality tests you were given?

Relator asserted the fifth amendment privilege and a relevancy objection in response to the following interrogatory:

Have you taken or used any controlled substances, including but not limited to cocaine, marijuana, and heroin, not obtained by prescription over the past four years? If so, as to each state its name, frequency taken, from whom acquired, and what amounts taken and/or used.

The respondent ordered relator to answer each of these questions and the interrogatory.

Relator also objected to Jernigan's and South Texas' request that he execute a medical authorization form because it was overbroad and breached the physician-patient privilege. Tex.R.Civ.Evid. 509. The trial court ordered relator to execute an authorization form that covered records "from the office of Dr. Schmiege ... limited to alcohol and drug use."

We must determine whether respondent clearly abused his discretion in entering the orders. *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex.1984). The party seeking to avoid discovery must plead the exemption or immunity relied upon and produce evidence to support it. Tex.R.Civ. P. 166b(4). Although respondent conducted a hearing before entering the orders, we have no statement of facts before us, and the record does not contain any evidence offered by relator in the trial court to support the asserted exemptions.

Relator contends in his first point of error that the respondent abused his discretion in ordering him to answer the five deposition questions and one interrogatory because they sought information that is irrelevant and privileged under the fifth amendment privilege against self-incrimination and under Tex.R.Civ.Evid. 509, 510, the physician-patient privilege and the mental health information privilege.

We note that relator pled only the fifth amendment privilege in the trial court as a basis for not answering the first deposition question; therefore, he may not now raise an irrelevancy objection and the privileges under Tex.R.Civ.Evid. 509, 510. *Peeples v. Fourth Supreme Judicial Dist.*, 701 S.W.2d 635 (Tex.1985).

■ Relator asserts that an answer to the first question may tend to incriminate him under Tex.Rev.Civ.Stat.Ann. 4476–15 (Vernon Supp.1988), the Controlled Substances Act. The question limits the period inquired about to the time when relator was in high school. Relator admits in his second amended original petition that he was 24 years old when his employment was terminated. The period within which the State may file charges under the act is three years from the date of the offense for felonies and two years for misdemeanors. Tex.Code Crim.P.Ann. arts. 12.01(4), 12.02 (Vernon Supp.1988). The relator made no showing that any offense committed under the act during this period is not barred by limitations. Thus, to establish the privilege, relator was required to provide a record showing that he attended high school within the last three years or that the limitations period had been tolled so that charges are not barred. Tex.Code Crim.P.Ann. art. 12.05 (Vernon 1977). No abuse of discretion has been shown relating to the first deposition question.

■ The record reflects that relator pled the physician-patient privilege, and the mental health information privilege, Tex.R. Civ.Evid. 509, 510, as the only bases for not responding to the second deposition question. As mentioned above, the real parties in interest contend that relator's termination was brought about by his alleged drug and alcohol dependence. Assuming that the answer sought will disclose a medical opinion, this information falls within the exception to these privileges. Tex.R.Civ. Evid. 509(d) provides:

> Exceptions to confidentiality or privilege in court or administrative proceedings exist: ...
> (4) as to a communication or record relevant to an issue of the physical, mental or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense....

Tex.R.Evid. 510(d)(5) contains an identical exception. Clearly, the information sought relates to a condition of relator that the real parties in interest are relying upon as part of their defense. The trial court did not abuse its discretion in ordering appellant to respond to the second question.

■ The record reflects that relator asserted the fifth amendment privilege as the only basis for not answering the third deposition question. The question itself does not indicate on its face that an answer would tend to incriminate the relator. In this situation, although he was not required to divulge any incriminating information, relator was required to demonstrate to the trial court that the answer to the question is likely to be hazardous to him. *Burton v. West*, 749 S.W.2d 505, 507–08 (Tex.App.— Houston [1st Dist.] 1988, orig. proceeding).

■ Relator failed to do this. The record reflects only his counsel's assertion of the privilege and general speculation that the answer involves "drugs." The record reflects no reasons given by relator to the respondent demonstrating any hazard resulting to him from an answer. It was relator's burden to establish the applicability of the privilege. Tex.R.Civ.P. 166b(4). Accordingly, no abuse of discretion has been shown relating to the third deposition question.

■ Relator pled no exemptions in response to the fourth and fifth questions; therefore, he may not complain of the respondent's action relating to them. *Peeples*, 701 S.W.2d at 637.

Relator asserted a relevancy objection and the fifth amendment in response to Phillips' interrogatory.

■ The discretionary nature of discovery and the amorphous notion of relevancy counsels against appellate intervention into the discovery process. *Gordon v. Blackmon*, 675 S.W.2d 790, 793 (Tex.App. —Corpus Christi 1984, orig. proceeding). The record fails to establish that the requested information will not lead to the discovery of admissible evidence. In fact, the requested information is relevant to the issue of what caused relator's termination—the alleged negligently performed test or his alleged alcohol *and drug* dependence.

Relator's reliance on the fifth amendment is an offensive assertion of privilege because it is designed to conceal information concerning whether termination was wrongful. *Henson v. Citizens Bank,* 549 S.W.2d 446 (Tex.Civ.App.—Eastland 1977, no writ). Certainly, any problem that relator had with drugs substantiates the reason given for termination.

Relator contends in his second point of error that the respondent abused his discretion in ordering relator to sign a medical authorization form because relator's physical or mental condition is not in issue, and the authorization impermissibly waived relator's physician-patient privilege. Specifically, relator contends that the authorization seeks disclosure of irrelevant information. The order limited production to those records of Dr. Schmiege relating to alcohol and drug abuse. The record does not reflect that the respondent approved a specific authorization form.

Relator claims that the order requires him to sign an authorization form that contains the identical fatal defect as the one considered in *Mutter v. Wood,* 744 S.W.2d 600 (Tex.1988). We disagree.

The *Mutter* authorization constituted an absolute waiver of the plaintiff's physician-client privilege. In the case before us, the waiver has been restricted to 1) records 2) from Dr. Schmiege's office 3) relating to alcohol and drug use. Relator contends that his drug use is not relevant. This contention is meritless. The real parties in interest are relying upon relator's alleged drug and alcohol dependence to establish the cause of his termination.

Further, this information concerning relator's condition falls within the exception to the physician-patient privilege contained in Tex.R.Civ.Evid. 509(d)(4). The real parties in interest are relying upon relator's condition as part of their defense.

Relator's motion for leave to file petition for writ of mandamus is OVERRULED.