**Eric H. SCHEFFEY, M.D., Relator,**

v.

**Honorable Eugene CHAMBERS, Judge of the 215th District Court of Harris County, Texas, Respondent.**

**No. C14–90–00126–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 7, 1990.

Billy Shepherd, Houston, for relator.

Paul F. Waldner, Houston, for respondent.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## MAJORITY OPINION

PAUL PRESSLER, Justice.

Relator, defendant in the underlying litigation, was a patient at Las Encinas Hospital in Pasadena, California. Plaintiffs in the underlying case, seek to obtain relator's medical records from the hospital through a deposition upon written interrogatories of the custodian of the institution's records. On February, 12, 1990, Respondent entered an order which allowed the subpoena of the medical records without an *in camera* inspection. Relator seeks a writ of mandamus to prevent disclosure of the records and asserts that the information is privileged. We conditionally grant the writ.

Plaintiffs below alleged medical malpractice by the relator. In 1983, the plaintiff incurred a back injury. Relator performed two surgeries to correct this injury. Approximately two months after the last surgery, relator was arrested for cocaine possession. He subsequently admitted himself to the hospital in California. The plaintiffs allege that relator negligently performed the surgery and was physically and mentally impaired at the time of the operation due to cocaine use.

Although the scope of discovery rests within the discretion of the trial court, *Ginsburg v. Fifth Court of Appeals,* 686 S.W.2d 105, 108 (Tex.1985), mandamus will lie to vacate orders which are void and for which there is no adequate remedy on appeal, or where there has been a gross abuse of discretion. *State v. Sewell,* 487 S.W.2d 716, 718 (Tex.1972). An abuse of discretion occurs when the trial court's action is arbitrary, unreasonable or based upon a gross and prejudicial error of law, *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex.1985), or is without

reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). By attacking the respondent's order on the grounds of a clear-abuse-of-discretion, relator has assumed the heavy burden of establishing that the respondent lacked the discretion to make the decision entered because the facts and law required a different decision. *Johnson, supra* at 917–18.

■ The permissible scope of discovery includes "anything reasonably calculated to lead to material evidence", *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex. 1984), but overly broad requests, harassment, or *disclosure of privileged information exceeds that scope. General Motors Corp. v. Lawrence,* 651 S.W.2d 732 (Tex. 1983) (emphasis added). TEX.R.CIV.EVID. 509 and 510 set out the physician/patient privilege in Texas. Confidential communications between a physician and a patient, relative to or in connection with any professional services rendered by a physician to a patient are privileged and may not be disclosed. Records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created by that physician are also confidential and privileged and may not be disclosed. The plaintiffs below contend that they are entitled to relator's medical records under certain exceptions to these rules, namely TEX.R.CIV.EVID. 509(d)(4) and 510(d)(5). Exceptions exist where any party relies upon the physical, mental or emotional condition as a part of his claim or defense. These provisions are intended to prevent the *offensive* use of the physician/patient privilege (e.g., when a party places his physical or mental condition in issue and then attempts to offensively use a privilege to conceal evidence of that condition). *Ginsburg, supra* at 107; *see also Dewitt and Rearick v. Ferguson,* 699 S.W.2d 692 (Tex.App.—El Paso 1985, no writ). Relator did not bring the litigation, and he is not using the privilege offensively. Therefore, records of his medical treatment, diagnosis and evaluation are not under any exception under the TEX.R.CIV. EVID. and are privileged. Respondent

clearly abused his discretion by opening all of the relator's hospital records to discovery and by allowing the subpoena of the medical information. Mandamus is proper to vacate the order. *West v. Solito,* 563 S.W.2d 240, 246 (Tex.1978).

The decision of this court is based upon the facts presented. No *in camera* inspection was provided. If there is to be an *in camera* inspection, the respondent must order it. *Loftin v. Martin,* 776 S.W.2d 145, 147 (Tex.1989); *Peeples v. Fourth Court of Appeals,* 701 S.W.2d 635, 637 (Tex.1985).

The Writ of Mandamus is granted unless Respondent vacates his order allowing the subpoena.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I record my respectful dissent. I would deny the Writ of Mandamus because exceptions to Dr. Scheffey's privilege making the Las Encinas Hospital records discoverable are found in the TEXAS RULES OF CIVIL EVIDENCE 509(d)(4) and 510(d)(5).

On May 28, 1985, Eric H. Scheffey, M.D. was arrested in a Pasadena shopping center for possession of cocaine. Dr. Scheffey pled guilty to this charge and admitted himself into Las Encinas Hospital in Pasadena, California for treatment of his cocaine addiction.

According to Dr. Scheffey's testimony, his cocaine use occurred over an eighteen month period preceding his arrest. During this period of cocaine use, Dr. Scheffey performed back surgery twice on Mr. Watson. The first surgery was on September 29, 1984, and the second surgery was on April 4, 1985. The surgeries did not obtain the desired result.

After he was treated by Dr. Scheffey, Mr. Watson underwent a third back surgery with another surgeon and is presently scheduled for a fourth surgery.

On October 17, 1985, a hearing was held by the Texas State Board of Medical Examiners in Austin, Texas to determine whether Dr. Scheffey would be allowed to contin-

ue practicing medicine in Texas. As a result of the hearing, Dr. Scheffey's medical license was revoked, but the revocation was stayed. Dr. Scheffey was then placed on ten years probation.

It is the plaintiffs' position that: 1) Dr. Scheffey was impaired at the time he performed the September 29, 1984 and April 4, 1985 surgeries on Mr. Watson; 2) these surgeries were failures; 3) these failures are a direct result of Dr. Scheffey's impairment.

The nature and extent of Dr. Scheffey's impairment bears directly on the issue of whether he was fit to perform surgery during the eighteen month period when he was using cocaine. It is the plaintiffs' position that the best sources for this information would be the Los Encinas Hospital records and the physicians who treated Dr. Scheffey *specifically* for his drug problem.

A considerable portion of Relator's Petition is dedicated to establishing the fact that, under most circumstances, medical records are privileged and for this reason alone the requested relief should be granted. Under Relator's theory, there can never be any discovery regarding the physical, mental, or emotional condition of a defendant at any time in any case under any circumstances. This theory is not supported by Texas law.

The issue that was before Judge Chambers had to do with whether there exists an exception to Dr. Scheffey's privilege *under the facts and circumstances of this case.* The exceptions to Dr. Scheffey's privilege making the Las Encinas Hospital records *discoverable* are TEXAS RULES OF CIVIL EVIDENCE 509(d)(4) and 510(d)(5). In his Petition, Dr. Scheffey states that these rules "... are intended to prevent the *offensive* use of the physical/mental health professional/patient privileges." This statement overlooks the clear and unequivocal language used in these rules creating the exception regarding records or communications which may be relevant to "... an issue of the physical, mental, or emotional condition of *a patient* in *any proceeding* in which *any party* relies on the condition as

part of the party's *claim or defense."* (Emphasis added).

The nature and the extent of Dr. Scheffey's cocaine addiction and its attendant physical and mental effects upon him form the basis of the Watsons' case. If the Las Encinas Hospital records are not at the very least *discoverable*, then the Watsons would be precluded from challenging Dr. Scheffey's self-serving testimony that he was not under the influence of cocaine while treating any patients at his office or at any hospital. The Watsons would be further precluded from challenging Dr. Scheffey's self-serving testimony that his cocaine use had no effect on him during non-use periods and did not effect his care or treatment of Mr. Watson. Finally, the Watsons would be precluded from challenging Dr. Scheffey's self-serving testimony that he has never been at the hospital during an immediate post-use period.

Dr. Scheffey argues in his Petition that the medical records which are being sought from Las Encinas Hospital "... are not even from the period of time when Relator performed surgery upon Mr. Watson." This argument is without merit. The medical records being sought for discovery purposes relate to the treatment of Dr. Scheffey's cocaine addiction, a condition that allegedly rendered Dr. Scheffey unfit to perform the surgeries. Dr. Gottfried R. Kaestner, Mr. Watson's present orthopedic surgeon who has performed the third back surgery on Mr. Watson and who apparently will perform the fourth, testified in his oral deposition as follows:

Q: And that the failure of the fusion is an accepted risk or hazard of that procedure, regardless of who does it?

A: Yes.

Q: Do you feel that risk is increased if the surgeon who is doing the fusion is addicted to cocaine?

A: Most certainly it is.

Q: To what extent do you feel that risk would be increased?

A: This kind of surgery is physically demanding. It is also demanding in terms of the finesse of surgery, reducing blood loss. And I do not think that

this could be done while under the influence of any kind of addictive drug properly. I certainly would regard an operation like this probably as an insufficient operation. *I don't think that anybody could complete an operation successfully under the influence of drugs.* (Emphasis added).

Q: What about someone who is addicted to cocaine during the nonuse period?

A: It's probably even worse.

Q: For what reason?

A: Well, we're talking about an addiction. And the nonuse period is—for cocaine especially, produces probably a more jittery kind of a surgeon, a surgeon that may be preoccupied, may physically may not be in as good a shape as he should be for an operation that can easily take three hours.

It is irrelevant that the treatment provided to Dr. Scheffey by Las Encinas Hospital was not rendered when he was performing surgery on Mr. Watson. The *condition* for which Dr. Scheffey was being treated is precisely the condition that allegedly impaired Dr. Scheffey when he performed surgery on Mr. Watson.

Dr. Scheffey has admitted to his cocaine use and has admitted that it existed when he was performing surgery on Mr. Watson. Under these circumstances, the Watsons can hardly be accused of "... simply making a claim regarding that condition." Watson's attempts to obtain information regarding the nature and the extent of Dr. Scheffey's cocaine addiction is not a fishing expedition.

Dr. Scheffey also argues that Judge Chambers abused his discretion by failing to order an *in camera* inspection of the Las Encinas Hospital records before ruling as to whether they were privileged. Dr. Scheffey admitted himself voluntarily into the Las Encinas Hospital specifically for treatment of his cocaine addiction. When that condition *itself* formulates the basis for the Watsons' claim against him, the records fall squarely into the exceptions cited above. Thus, the privilege does not apply and no *in camera* review of the records by the court is necessary. Once

the court has determined that the records are not privileged then, under the circumstances of this case, the court is under no obligation to further review the records.

I would deny the Writ of Mandamus.