**TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER, Relator,**

v.

**The Honorable Kitty SCHILD, Judge, County Court at Law No. 4 of El Paso County, Texas, Respondent.**

**No. 08–92–00031–CV.**

Court of Appeals of Texas, El Paso.

March 25, 1992.

Gordon Gunter, Asst. Atty. Gen., Tort Litigation Div., Austin, for relator.

Juan Carlos Garay, Lane C. Reedman, Guevara, Rebe, Baumann, Coldwell & Garay, El Paso, for respondent.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

In this petition for writ of mandamus, Texas Tech University Health Sciences Center, Relator, seeks an order requiring the Honorable Kitty Schild, Judge of County Court at Law No. 4 of El Paso County, Texas, Respondent, to vacate her order compelling discovery in a negligence suit. We conditionally grant the writ.

The real parties in interest, Felix and Ramona Carbajal, individually and as next friends of Jose Felix Carbajal (collectively referred to as plaintiffs), filed a suit against Relator, alleging in substance that Relator negligently refused to admit and detain Jose on a mental health warrant for emergency detention and that it thereby became liable for damages when one week later, Jose stabbed himself three times with a kitchen knife in an apparent attempt to take his own life. As part of their discovery efforts, plaintiffs served on Relator a request for the production of a number of items, including the one at issue in this appeal, Request For Production Number 4, which is as follows:

> Produce a description and/or photograph of each and every exhibit that you may introduce as evidence at trial of this matter.

To that request, Relator interposed the following objection:

> RESPONSE TO REQUEST FOR PRODUCTION NO. 4: OBJECTION. This discovery request seeks disclosure invasive of the mental impressions, conclusions, opinions, or legal theories of Defendant's attorney or other representatives of Defendant working solely to assist trial preparation, which are protected from discovery by the work product privilege pursuant to Tex.R.Civ.P. 166b(3)(a). *Garcia v. Peeples*, 734 S.W.2d 343 (Tex. 1987); *Ballew v. State*, 640 S.W.2d 237 (Tex.Crim.App.1980); *United States v. Nobles*, 422 U.S. 225, 238–239 (1975); *Hickman v. Taylor*, 329 U.S. 495 [67 S.Ct. 385, 91 L.Ed. 451] (1947).

Following a hearing, the trial judge ordered production of the requested documents.

The standard of review of a trial court's pretrial discovery order is whether the court abused its discretion in granting or denying discovery. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985); *American Home Assurance Company v. Cooper*, 786 S.W.2d 769, 772 (Tex.App.—El Paso 1990, orig. proceeding [leave denied]). The trial court abuses its discretion only when it reaches a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson*, 700 S.W.2d at 917.

■ In its determination of whether there is an abuse of discretion, the appellate court must decide whether the trial court acted without reference to any guiding rules and principles such that its act was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). Mandamus may issue only to correct a clear abuse of discretion or the violation of a duty imposed by law in the absence of any other adequate remedy. *Johnson*, 700 S.W.2d at 917. The party seeking the writ has the burden of showing that the facts and the law allow only one result, and consequently, by not reaching that result, the trial court abused its discretion. *Id.*

In accordance with Tex.R.Civ.P. 166b(4) which requires that the party objecting to discovery must specifically plead the particular exemption or immunity from discovery relied upon, Relator pled the attorney work product exemption authorized by Rule 166b(3)(a).[1] A party asserting a privilege from discovery normally has the burden of producing evidence to show that the requested document or tangible thing qualifies for the privilege as a matter of law. *Doctor's Hospital v. West,* 765 S.W.2d 812, 814 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding). No record of the hearing on Relator's objection was brought up with the writ application, or apparently made for that matter. The normal procedure to be followed by the party resisting a request for production of a document or tangible thing is to obtain a hearing on the objection, which was done, and then, in the usual case, upon the court's request or even in the absence of such a request, to produce and tender the document or thing for an *in camera* inspection. *Cooper,* 786 S.W.2d at 772. That procedure need not be followed in this case because the wording of the request is on its face a request for information that would reveal the attorney's thought processes and trial strategy, clearly a part of the attorney's work product.

In this instance, the plaintiffs' Request for Production Number 4 was not for a specific document or thing but for "each and every exhibit" that Relator's attorney "may introduce as evidence" at the trial of the cause. The wording of this request, in effect, called upon Relator's attorney to make a decision during the discovery process as to what documents and things (either presently in existence or by the Relator or its attorney subsequently discovered or created) it might introduce as evidence. Plaintiffs' attorney agreed that the likely sanction for failure to produce an exhibit would be, in the absence of a show-

ing of good cause, an order prohibiting Relator from introducing that exhibit. The effect of this would be to require the attorney during the discovery process to reveal his thinking on possible trial strategies. In other words, the request for production in question is directed at the attorney's mental processes and his work product, i.e. his strategy, not to specific documents and things, as Tex.R.Civ.P. 167 requires. *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex. 1989). As stated in *Loftin,* quoting from a law review article[2], "Rule 167 is not a fishing rule." Unlike deposition procedures, the request must recite what specific documents or things are wanted, not what the attorney is presently planning or may decide at some later date close to or during trial to put in evidence. *Id.*

In some respects, the request for production under consideration in this case is like an interrogatory calling upon the opposing party to state the names and addresses of all persons its attorney plans to call as witnesses in the trial, an interrogatory that is objectionable as being in violation of the "work product" exemption. *Gutierrez v. Dallas Independent School District,* 729 S.W.2d 691 (Tex.1987), citing with approval *Employers Mutual Liability Insurance Company of Wisconsin v. Butler,* 511 S.W.2d 323, 324–25 (Tex.Civ.App.—Texarkana 1974, writ ref'd n.r.e.).

We conclude that the trial court's order requiring Relator to comply with Request for Production Number 4 was an abuse of discretion. As such, we conditionally grant Relator's application for writ of mandamus directing the trial judge to vacate her order requiring Relator to respond to that request, the writ to be issued only in the event she fails to do so.

---

1. Tex.R.Civ.P. 166b(3)(a) provides:
   3. Exemptions. The following matters are protected from disclosure by privilege:
   a. *Work Product.* The work product of an attorney, subject to the exceptions of Texas Rules of Civil Evidence 503(d) which shall govern as to work product as well as to attorney-client privilege.

2. Steely and Gayle, *Operation of the Discovery Rules,* 2 Houston L.Rev. 222, 223 (1964).