**Eugene KAVANAUGH, M.D., Relator,**

**v.**

**The Honorable Lloyd PERKINS, Judge, 59th Judicial District Court, Grayson County, Texas, Respondent.**

No. 05–92–00957–CV.

Court of Appeals of Texas, Dallas.

June 30, 1992.

---

Charles T. Frazier, Jr., Dallas, for relator.

Eric Weisberg, Denison, for respondent.

Before LAGARDE, OVARD and KAPLAN, JJ.

## OPINION

LAGARDE, Justice.

This is an original proceeding for mandamus. Relator, Eugene Kavanaugh, M.D., seeks writ of mandamus directing respondent, the Honorable Lloyd Perkins, to set aside his discovery order to the extent that it requires relator to produce documents and information regarding (1) his alcohol and substance use; (2) his mental, physical, and emotional condition; and (3) any information about him provided to or gathered by any medical review committees or the State Board of Medical Examiners. We deny relator's petition for writ of mandamus.

## THE LAWSUIT

Real parties in interest Martha Heil, individually and as the representative of the estate of William Heil, Jr., deceased, and as next friend for James E. Heil, Aaron Dale Heil, William M. Heil, III, and Jeanne Nadine Heil (collectively "Heil") brought suit against relator for medical malpractice. Heil alleged that relator negligently treated and performed surgery on the deceased, causing his death. Heil also alleged that, during relator's course of treating the deceased, relator was impaired due to alcohol and other substance abuse and that relator suffered from other mental, physical, and emotional problems, all of which rendered him incapable of safely performing as a physician. Heil seeks compensation for actual and punitive damages.

## PROCEDURAL HISTORY

Relator complains of Heil's second set of interrogatories and second and third requests for production of documents. Relator objected to those discovery requests. He also filed a motion for protective order, accompanied by his affidavit, in which he incorporated his objections and alleged that information requested by Heil was irrelevant and encompassed privileged and confidential information exempt from discovery. In the motion, relator offered to tender the documents for *in camera* inspection.

## THE DISCOVERY ORDER

Respondent conducted a hearing and entered an order overruling most of relator's objections, denying in part his motion for protective order, and ordering certain documents produced for *in camera* inspection. The order also required relator to execute and deliver to Heil a medical authorization.

## JURISDICTION

This Court has jurisdiction to determine the validity of respondent's discovery order under section 22.221(b) of the Texas Government Code. *See Walker v. Packer*, 827 S.W.2d 833, 838–39 (Tex.1992, orig. proceeding); Tex.Gov't Code Ann. § 22.221(b) (Vernon 1988).

## STANDARD OF REVIEW

■ For mandamus to properly issue, (1) the trial court must commit a clear abuse of discretion and (2) relator must not have an adequate remedy by appeal. *Walker*, 827 S.W.2d at 838–41. Although the scope of discovery rests within the discretion of the trial court, an abuse of discretion occurs when the trial court's action is arbitrary, unreasonable, or based upon a gross and prejudicial error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985, orig. proceeding); *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex.1985, orig. pro-

ceeding). A trial court that improperly orders discovery of privileged materials abuses its discretion. *See Texarkana Memorial Hosp., Inc. v. Jones*, 551 S.W.2d 33, 35–36 (Tex.1977, orig. proceeding). A party required to disclose privileged matters cannot retract them, so he has no adequate remedy at law. *See West v. Solito*, 563 S.W.2d 240, 245 (Tex.1978, orig. proceeding).

## RELATOR'S CONTENTIONS

Relator contends that the trial court abused its discretion by entering the discovery order. He first asserts that information regarding his alcohol and substance use is irrelevant. He also contends that the order requires him to produce documents and information that are privileged under the physician/patient and mental health professional/patient privileges. *See* Tex.R.Civ.Evid. 509(b), 510(b). Finally, relator asserts that records regarding his conduct prepared by medical review committees and the Texas State Board of Medical Examiners are confidential and exempt from discovery. *See* Tex.Health & Safety Code Ann. § 161.032 (Vernon 1992); Tex. Rev.Civ.Stat.Ann. art. 4495b, § 4.05(d) (Vernon Pamph.Supp.1992).

## SCOPE OF DISCOVERY

Relator objected to many of Heil's discovery requests on the basis that they were not reasonably calculated to lead to the discovery of admissible evidence and were therefore beyond the scope of discovery allowed by rule 166b(2)(a) of the Rules of Civil Procedure. *See* Tex.R.Civ.P. 166b(2)(a). In his petition for writ of mandamus, relator contends that the matters sought are irrelevant.

Parties may obtain discovery regarding any matter that is relevant to the subject matter in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. Tex.R.Civ.P. 166b(2)(a). It is not a ground for objection that the information sought will be inadmissible at the trial if the information appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Relator states that the requested discovery is "completely irrelevant" because he did not place *his* physical, mental, or emotional condition at issue. *Scheffey v. Chambers*, 790 S.W.2d 879, 881 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding).

■ Relator's reliance on *Scheffey* is misplaced. That case addresses the applicability of privileges that would limit discovery if a party has not placed in issue *his* physical, mental or emotional condition. The case does not state that the party's condition is never relevant or that information about the condition is beyond the scope of discovery. Further, evidence of the habit or custom of a person doing a particular act is relevant to determine his conduct on the occasion in question. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 302 (Tex. 1990); Tex.R.Civ.Evid. 406. A defendant's routine use of drugs is relevant to the context of his actions in question and thus is relevant to the issue of punitive damages. *Castro v. Sebesta*, 808 S.W.2d 189, 194 (Tex.App.—Houston [1st Dist.] 1991, no writ) (op. on reh'g).

Heil pleaded that relator treated and performed surgery on the deceased while relator was in an impaired state. She also alleged that relator's attempt to so perform when he knew that he was impaired constituted gross negligence and that relator's failure to advise the deceased of his impairment resulted in a lack of informed consent. Evidence of relator's habit or custom of using alcohol or other substances is relevant to determine his conduct when he treated and performed surgery on the deceased. *See Acker*, 790 S.W.2d at 302; Tex.R.Civ.Evid. 406. It also is relevant to prove the context of his actions and thus is relevant to the issue of punitive damages. *See Castro*, 808 S.W.2d at 194. Because it is directly relevant, Heil may obtain the discovery. *See* Tex.R.Civ.P. 166b(2)(a). Relator's contention is without merit.

## RELATOR HAD THE BURDEN TO PLEAD AND PROVE THE APPLICABILITY OF THE ASSERTED PRIVILEGES

### A. Applicable Law

■ The party who seeks to limit discovery by asserting a privilege has the burden

of proof. TEX.R.CIV.P. 166b(4); *Weisel Enters., Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex.1986, orig. proceeding). That party must specifically plead the privilege and produce evidence supporting the claim. *Weisel*, 718 S.W.2d at 58. The trial court then must determine whether an *in camera* inspection is necessary and, if so, the party seeking protection must segregate and produce the documents to the trial court. The documents themselves may be the only evidence substantiating the claim of privilege. *Id.* If so, they must be tendered for *in camera* inspection. *Id.*

### B. The Evidence Before the Trial Court

Relator submitted only his affidavit as evidence to support his objections and motion for protective order. The affidavit restated his legal objections and stated legal conclusions that the information and documents sought by Heil were not discoverable. Relator acknowledged that his affidavit did not state any facts to support the objections and legal conclusions and that he produced no probative evidence to support them. However, he asserts that he offered to tender the documents for *in camera* inspection and that the discovery requests on their faces require the production of privileged information.

## THE PHYSICIAN/PATIENT AND MENTAL HEALTH PROFESSIONAL/PATIENT PRIVILEGES

### A. Applicable Rules

Confidential communications between a physician and a patient relative to or in connection with any professional services rendered by a physician to the patient are privileged and may not be disclosed. TEX. R.CIV.EVID. 509(b)(1). Rule 510 provides similar protection for communications between a patient and a mental health "professional," which includes persons licensed to diagnose and treat mental and emotional disorders. *See* TEX.R.CIV.EVID. 510(a)(1), (b)(1). Records of the identity, diagnosis, evaluation, or treatment of a patient by a physician or a mental health professional that are created or maintained by a physician or mental health professional are confidential and privileged and may not be disclosed. *See* TEX.R.CIV.EVID. 509(b)(2), 510(b)(2).

### B. Relator Waived the Mental Health Professional/Patient Privilege

■ Relator asserts a claim of privilege under rule 510 for the first time in his petition for writ of mandamus. The party seeking to invoke privilege must specifically plead it. *Weisel*, 718 S.W.2d at 58. Failure to raise the issue in an objection to a discovery request waives the claim of privilege. *Batson v. Rainey*, 762 S.W.2d 717, 719 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding). Because relator failed to specifically plead the mental health professional/patient privilege, he waived his right to assert it. *See Weisel*, 718 S.W.2d at 58; *see also Batson*, 762 S.W.2d at 719.

### C. The Discovery Requests Do Not Facially Establish Privilege As A Matter of Law

■ Relator asserts that each of the discovery requests on its face necessarily seeks information that is expressly privileged and exempt from disclosure. We are unpersuaded. Although the requests may include privileged information, we are unable to conclude as a matter of law that they involve *only* privileged matters. *See, e.g., Loftin v. Martin*, 776 S.W.2d 145, 147–48 (Tex.1989, orig. proceeding). Thus, relator was required to prove his claim of privilege.

### D. Relator Failed to Prove the Physician/Patient Privilege

1. Relator Did Not Introduce Evidence

In his motion for protective order, relator offered to tender the documents to the trial court. He asserts that the trial court first should have ordered any documents produced for *in camera* inspection. He contends that, by offering to produce the documents to the trial court, he effectively tendered them.

■ A party asserting claims of privilege need not actually deliver all documents to the trial court at the hearing on the claims. *National Union Fire Ins. Co. v. Hoffman*, 746 S.W.2d 305, 310 (Tex.

App.—Dallas 1988, orig. proceeding) (holding that the trial court abused its discretion by refusing to review documents that offered the only evidence to support a party's claim of privilege when, at the hearing on the claim, the party twice offered to produce the documents for *in camera* inspection). By repeatedly offering to produce documents for the trial court, a party may effectively tender them. *Id.*

■ Although relator offered to tender the documents in his motion for protective order, the record does not show that he made the offer at the hearing. Rather, respondent requested that relator tender for *in camera* inspection any documents that relator claimed were privileged. The record does not show that relator ever did so and thus does not support relator's claim of an effective tender. We conclude that no abuse of discretion is shown.

At the hearing, respondent determined that much of the information sought by Heil fell outside of the scope of the physician/patient privilege. Relator offered no evidence to the contrary and no evidence to support his claim of privilege. He thus failed to meet his burden of proof. *See Weisel*, 718 S.W.2d at 58.

### 2. The Medical Authorization

Relator also complains that respondent abused his discretion by requiring relator to sign and deliver to Heil a medical authorization. Relator asserts that a request to execute a medical authorization on its face violates the physician/patient privilege. The record does not contain a copy of the medical authorization.

Courts sometimes make decisions based on the face of a discovery request without requiring any evidence to support the claimed exclusion. *See, e.g., Loftin*, 776 S.W.2d at 148 (concluding that a request for all documents and communications that would support a party's allegations was so vague, ambiguous, and overly broad that the party could not determine with reasonable certainty what it should produce, and the trial judge was within his discretion in denying it); *Texas Tech Univ. Health Sciences Ctr. v. Schild*, 828 S.W.2d 502, 503, 504 (Tex.App.—El Paso, orig. proceeding)

(finding that a discovery request that asked for "each and every exhibit" that relator's attorney "may introduce as evidence" at trial on its face requested information protected by the attorney/client work product privilege). A trial judge abuses his discretion if he requires a party to sign a medical authorization that is so broad that it absolutely waives the party's physician/patient privilege. *Mutter v. Wood*, 744 S.W.2d 600, 601 (Tex.1988, orig. proceeding).

The physician/patient privilege protects *confidential* communications between the physician and patient *relative to or in connection with* any professional services rendered by the physician to the patient. TEX. R.CIV.EVID. 509(b)(1). It also protects records *that are created or maintained by a physician*. TEX.R.CIV.EVID. 509(b)(2). A communication is "confidential" if it is not intended to be disclosed to third persons. TEX.R.CIV.EVID. 509(a)(3). Exceptions include third persons present to further the interest of the patient in the consultation, examination, or interview; persons reasonably necessary for the transmission of the communication; or persons who are participating in the diagnosis and treatment under the direction of the physician. *Id.*

■ Relator complains of respondent's order requiring him to produce copies of all medical, psychological, counseling, and pharmaceutical records relating to his physical and mental condition during a specified time period. The order states that relator "may make the requested production by delivering a medical authorization complying with *Batson v. Rainey*."

In *Batson*, the court distinguished the authorization before it from the *Mutter* authorization. *See Batson*, 762 S.W.2d at 721. The court concluded that the trial court did not abuse its discretion by ordering relator to sign an authorization restricting production to records from a specific doctor relating to alcohol and drug use.

The discovery request of which relator complains includes documents prepared by mental health professionals and physicians. We have held that relator waived the mental health professional/patient privilege. Without a medical authorization in the rec-

ord, we cannot determine whether such an authorization was directed to physicians or mental health professionals. If directed to physicians, we cannot determine whether it was limited to specific physicians or records relating only to alcohol and drug use. *Id.* Also, we cannot determine whether the authorization excluded confidential communications, communications made relative to or in connection with professional services rendered by a physician, or records created or maintained by a physician. *See* TEX. R.CIV.EVID. 509(a)(3). Relator failed to prove that the authorization on its face is overly broad. *See Mutter,* 744 S.W.2d at 601; *see also Batson,* 762 S.W.2d at 721. Relator thus failed to meet his burden of proving that respondent abused his discretion by requiring him to sign the medical authorization. *See Weisel,* 718 S.W.2d at 58; *see also Ginsberg,* 686 S.W.2d at 108.

## MEDICAL COMMITTEE AND STATE BOARD OF MEDICAL EXAMINERS RECORDS

The records and proceedings of a medical committee are confidential and are not subject to court subpoena. TEX.HEALTH & SAFETY CODE ANN. § 161.032(a). This section does not apply to records made or maintained in the regular course of business by a hospital, health maintenance organization, or extended care facility. TEX.HEALTH & SAFETY CODE ANN. § 161.032(c); *see Barnes v. Whittington,* 751 S.W.2d 493, 496 (Tex.1988, orig. proceeding) (interpreting the privilege to extend only to information *generated by* a hospital committee in its investigation or review process). Also, all complaints, adverse reports, investigation files, other investigation reports, and other investigative information possessed, received or gathered by the Texas State Board of Medical Examiners, its employees or its agents relating to a licensee are privileged and confidential and are not subject to discovery. TEX.REV.CIV.STAT.ANN. art. 4495b, § 4.05(d).

■ Respondent ordered relator to produce for *in camera* inspection documents within his possession prepared by medical review committees or the State Board of Medical Examiners that he claims are privileged. Relator acknowledged that he has no such documents in his possession, but contends that Heil seeks *information* that is contained in privileged documents. However, relator presented no evidence to support his contention. The presentation of evidence or opinion to a hospital committee during its deliberations does not make the evidence or opinion privileged if it is offered or proved by means apart from the record of the committee. *Texarkana Memorial Hosp., Inc.,* 551 S.W.2d at 36. Relator did not segregate the information on the basis of the specific privilege or exclusion claimed. He did not make any attempt to prove whether the allegedly privileged information was contained in a record prepared by a medical review committee or the State Board of Medical Examiners. Relator failed to prove his claims of privilege. *See Weisel,* 718 S.W.2d at 58.

## CONCLUSION

Relator failed to establish that respondent's action in entering the discovery order was arbitrary, unreasonable or based upon a gross and prejudicial error of law. *See Johnson,* 700 S.W.2d at 918. He thus failed to establish that respondent abused his discretion in entering the order. *Id.* We deny relator's petition for writ of mandamus.