Petition for Writ of Mandamus Denied and Memorandum Opinion filed May
13, 2004









Petition for Writ of Mandamus Denied and Memorandum
Opinion filed May 13, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00369-CV

____________

 

IN RE ALICE J. JOHNSON, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

On April 21, 2004, relator filed a petition
for writ of mandamus in this Court.  See
Tex. Gov=t. Code Ann. ' 22.221 (Vernon Supp. 2004); see
also Tex. R. App. P. 52.  In her petition, relator seeks to have this
Court compel the Honorable John Donovan, presiding judge of the 61st District
Court, to vacate his Order Setting Aside Order to Disburse Excess Proceeds
signed on December 19, 2003.








Mandamus is an extraordinary remedy, available only when a
trial court clearly abuses its discretion, either in resolving factual issues
or in determining legal principles, and there is no other adequate remedy by
appeal.  In re Kuntz, 124 S.W.3d
179, 180 (Tex. 2003) Walker v. Packer, 827 S.W.2d 833, 839‑40
(Tex. 1992).  In determining whether
there has been a clear abuse of discretion justifying mandamus relief, the
reviewing court must consider whether the trial court=s ruling was arbitrary, unreasonable,
or reached without reference to any guiding rules or principles, amounting to a
clear and prejudicial error of law.  Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917-18 (Tex. 1985).  When alleging that a trial court abused its
discretion in its resolution of factual issues, the party must show the trial
court could reasonably have reached only one decision.  Id. at 918.  As to the determination of legal principles,
an abuse of discretion occurs if the trial court clearly fails to analyze or
apply the law correctly.  Walker,
827 S.W.2d at 840.

The trial court=s order signed May 21, 2003, was not
a final order because it failed to dispose of all claims.  See Lehmann v. Har-Con Corp., 39
S.W.2d 191, 206 (Tex. 2001).  We
therefore hold that the trial court had jurisdiction to sign its December 19,
2003 order.  We find relator failed to
make the requisite showing that the trial court abused its discretion.  Accordingly, we deny relator=s petition for writ of mandamus. 

 

PER CURIAM

 

Petition Denied and Memorandum
Opinion filed May 13, 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman.