NO. 07-06-0287-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 24, 2007

_____

MICHAEL R. BENBO,

Appellant

v.

UNIVERSITY of TEXAS MEDICAL BRANCH at GALVESTON, et al.,

Appellees

_____

FROM THE 87TH DISTRICT COURT OF ANDERSON COUNTY;

NO. 10013; HON. PAM FOSTER-FLETCHER, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Michael R. Benbo, an indigent inmate at the time of the filing of this lawsuit, appeals from orders 1) transferring venue and 2) dismissing his suit against a multitude of defendants. Through the suit, he sought damages for medical malpractice purportedly committed on his toe and involving the treatment of a fungus. He purportedly contracted the fungus while incarcerated. We affirm both orders.

*Venue*

Suit was initially filed in Travis County. However, venue was later transferred to Anderson County. According to appellant, the trial judge who executed the transfer order lacked the authority to do so because she was not assigned to consider the matter in conformance with Rule 11 of the Texas Rules of Judicial Administration. We disagree.

Said rule applies to a case involving material questions of fact and law in common with another case pending in another court in another county. Tex. R. Jud. Admin. 11, *reprinted in* TEX. GOV'T CODE ANN., tit 2, subtit. F app. (Vernon 2005). Benbo neither argues nor cites us to evidence illustrating that his suit involved questions of law and fact in common with another suit pending elsewhere. Therefore, Rule 11 does not apply to the dispute before us.

As for the allegations referring to the trial court's decision to act upon the venue motion "without any statement regarding [Benbo's] motion for extension of time or good cause to proceed without hearing" said dilatory motion, neither of the two opinions cited by him, *i.e. Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) nor *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex. 1985), are applicable. Both deal with writs of mandamus and involve discovery in preparation for trial and the granting of a new trial, not motions for an extension of time. Nor do they require the trial court to have "good cause to proceed without hearing [the dilatory motion]" or obligate it to mention the motion when acting upon an attempt to transfer venue.

*Dismissal*

Next, Benbo complains of the trial court's order dismissing his lawsuit as frivolous and argues that it could only dismiss the proceeding for want of prosecution. We disagree.

2

Statute obligates the trial court to dismiss an inmate's suit if the inmate fails to file his claim before the 31st day after the date he received the written decision from the internal grievance system. TEX. CIV. PRAC. & REM. CODE ANN. §14.005(b) (Vernon 2002). Benbo's grievance was finally decided on November 5, 2002, and he received notification of the decision on November 15, 2002. However, he did not commence suit until February 2, 2004, a date more than 31 days after the grievance decision was received. Thus, the trial court had no choice but to dismiss the proceeding due to the delay.

Accordingly, we affirm the trial court's orders.[1]

Brian Quinn
Chief Justice

---

[1]Benbo's motion that we dismiss and impose monetary sanctions against appellees for a "frivolous response" brief is denied.