# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00250-CV

**In re Unitrin County Mutual Insurance Company, f/k/a Charter County Mutual Insurance Company, named as Financial Indemnity Company**

## ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

This mandamus proceeding involves a discovery dispute in a case filed by Edmond and Rhonda Bisland against Relator Unitrin County Mutual Insurance Company ("Unitrin") for violations of the insurance code, breach of contract, and breach of *Stowers* duty in a related personal-injury case.[1] *See G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved) (insurer has duty to accept claimant's reasonable offer to settle within policy limits).  Unitrin has filed a petition for writ of mandamus, seeking to vacate the trial court's order requiring the production of documents that Unitrin asserts are protected by the attorney-client and work-product privileges.  *See* Tex. R. Evid. 503; Tex. R. Civ. P. 192.5.  This is the third mandamus proceeding to arise from discovery disputes in the underlying litigation.  *See In re Unitrin*, No. 03-10-00178-CV, 2010 Tex. App. LEXIS 2290 (Tex. App.—Austin Mar. 29, 2010,

---

[1] *See Simmons v. Bisland*, No. 03-08-00141-CV, 2009 Tex. App. LEXIS 2473 (Tex. App.—Austin Apr. 9, 2009, pet. denied) (mem. op.).

orig. proceeding) (mem. op.); *In re Unitrin*, No. 03-09-00214-CV, 2009 Tex. App. LEXIS 10045 (Tex. App.—Austin May 28, 2009, orig. proceeding) (mem. op.).

## BACKGROUND

The present dispute involves billing records for legal work performed by trial counsel for Unitrin's insureds, Lindig Construction and Trucking ("Lindig") and Richard Simmons, in the related personal-injury suit ("Trial Counsel"). In March 2010, the Bislands served Trial Counsel with a notice of oral deposition and a subpoena duces tecum. Unitrin then filed a motion to quash the notice and objected to the document requests as being overbroad and duplicitous of prior discovery. After a hearing, the trial court denied the motion to quash and overruled Unitrin's objections to the subpoenaed documents.

The deposition was held as scheduled on April 13, 2010. During his deposition, Trial Counsel was asked, "So you haven't withheld any documents that have been requested for any reason; is that correct?" He responded, "Correct." However, it was later discovered that other responsive documents existed. In an affidavit attached to Unitrin's motion to reconsider the order to compel discovery, Trial Counsel stated as follows:

> During that deposition, I was asked if I had any recent invoices for legal work in the underlying lawsuit. I said I would check, and had someone in my office . . . try and find these documents. These invoices would describe the legal services that I and others at my firm performed in the underlying lawsuit. At the close of the deposition, there were some invoices left on my desk. I did not review these documents, but gave them to Mr. Cain, counsel for Defendant Unitrin, who also attended the deposition. Following my deposition, [counsel for the Bislands] sent me a letter asking me for other invoices in the underlying lawsuit, and I forwarded those to Mr. Cain as well. Mr. Cain informed me that he would review all these documents to determine if any privilege needed to be asserted.

2

Unitrin then filed two supplemental privilege logs, asserting the attorney-client and work-product privileges with respect to the invoices in question. *See* Tex. R. Civ. P. 193.3. The Bislands filed a motion to compel, arguing that the privileges had been waived and that Unitrin had not made a prima facie showing that the privileges applied to the documents in question. After a hearing, the trial court granted the Bislands' motion in part and ordered Unitrin to produce all documents listed on its first and second supplemental privilege logs. Unitrin filed its petition for writ of mandamus in this Court, asserting that by granting the motion to compel without conducting an in camera review of the withheld documents, the trial court committed an abuse of discretion subject to mandamus relief.

**DISCUSSION**

The Bislands make a number of arguments that Unitrin waived its right to assert its claims of privilege. We need not reach these waiver arguments because we conclude that on the record before us, Unitrin has failed to make a prima facie showing of privilege. *See In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (holding that trial court must conduct in camera review of documents "*if* party asserting privilege claims makes a prima facie showing of privilege and tenders documents to the trial court") (emphasis added).

As the party making the claims of privilege, Unitrin bears the burden of producing evidence to make a prima facie showing to substantiate its claim. *Weisel Enters. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986); *In re Crudup*, 179 S.W.3d 47, 50 (Tex. App.—San Antonio 2005, orig. proceeding). "The prima facie standard requires only the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *DuPont*, 136 S.W.3d at

3

223 (quoting *Texas Tech Univ. Health Scis. Ctr. v. Apodaca*, 876 S.W.2d 402, 407 (Tex. App.—El Paso 1994, writ denied)). The Bislands argue that Unitrin failed to make a prima facie showing of privilege because it offered no testimony or affidavits to substantiate its claim of privilege. We do not consider the lack of testimony or affidavits to be dispositive, as "[t]he documents themselves may constitute sufficient evidence to make a prima facie showing of attorney-client or work product privilege." *DuPont*, 136 S.W.3d at 223.[2] We do, however, find it problematic that Unitrin relies on the documents themselves to support its claims of privilege, but never tendered the withheld documents to the trial court for in camera inspection.

If the documents themselves are the only evidence substantiating the claim of privilege, "they must be tendered for *in camera* inspection." *Kavanaugh v. Perkins*, 838 S.W.2d 616, 620 (Tex. App.—Dallas 1992, orig. proceeding); *see also Marathon Oil Co. v. Moye*, 893 S.W.2d 585, 590 (Tex. App.—Dallas 1994, orig. proceeding) ("If the allegedly privileged documents are the only evidence to show the privilege, a party must produce the documents for an

---

[2] The Bislands argue that reliance on *DuPont* for this proposition is misplaced because the withholding party in *DuPont* did provide an affidavit in support of its claim of privilege. 136 S.W.3d 218, 223 (Tex. 2004). We note that *DuPont* is not the only authority for the proposition that the withheld documents alone can be sufficient to substantiate a claim of privilege. *See, e.g.*, *State v. Lowry*, 802 S.W.2d 669, 671, 673 (Tex. 1991) (stating that "in some limited circumstances the documents themselves may, standing alone, constitute sufficient proof" to establish claimed privilege, and holding that when party "offered to tender . . . documents for an *in camera* inspection, and such review was critical to the evaluation of privilege, the trial judge should have conducted an examination"); *Barnes v. Whittington*, 751 S.W.2d 493, 495 (Tex. 1988) ("In the absence of any additional evidence to support the claimed privilege, this court must review the documents themselves to determine if they clearly support the privilege as a matter of law."); *Weisel Enters. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986) ("When . . . the claim for protection is based on a specific privilege, such as attorney-client or attorney work product, the documents themselves may constitute the only evidence substantiating the claim of privilege.").

in camera inspection."). Significantly, a "party asserting claims of privilege need not actually deliver all documents to the trial court at the hearing on the claims," but may "effectively tender" the documents by repeatedly offering to produce them. *Kavanaugh*, 838 S.W.2d at 616. In the present case, Unitrin not only failed to deliver the documents to the trial court for in camera inspection, but failed to make any offer to produce them that would allow us to conclude that the documents were "effectively tender[ed]." *Id.*

Unitrin argues that it was not required to produce the documents until the trial court determined that an in camera inspection was required, citing *In re Living Centers of Texas, Inc.*, in which the supreme court stated:

> A prima facie case is required to prevent trial judges from being compelled to inspect untold numbers of documents. Thereafter, if the trial court determines an in camera inspection is required, the court may order the documents tendered or the party asserting the privilege may, on its own initiative, tender the documents to the trial court.

175 S.W.3d 253, 261 (Tex. 2005) (citations omitted). *In re Living Centers*, however, contemplates a situation in which a prima facie case has already been established by affidavits or testimony prior to any in camera inspection, as just before the language quoted above, the court stated that "a prima facie case for the privilege must be established by testimony or affidavit." *Id.* In the present case, the documents themselves were the only evidence to support the claims of privilege. As previously discussed, where the documents themselves are the only evidence supporting the claims, those documents must be tendered to the trial court to establish a prima facie case of privilege. *See Marathon Oil*, 893 S.W.2d at 590; *Kavanaugh*, 838 S.W.2d at 620.

5

Given Unitrin's contention that the documents themselves are the only evidence supporting the claims of privilege, it cannot establish a prima facie claim of privilege without, at a minimum, attempting to produce these documents for the trial court. Because Unitrin failed to present any evidence to the trial court, including the documents themselves, to substantiate its claims, we cannot conclude that the trial court abused its discretion in ordering Unitrin to produce the documents. The petition for writ of mandamus is denied.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed: June 25, 2010