**In re Debbie PATTON, Relator.**

No. 2-01-125-CV.

Court of Appeals of Texas, Fort Worth.

June 18, 2001.

Karen H. Gordon, Brandon R. Wade, Fort Worth, for Relator.

Friedman, Young, Suder & Cooke, P.C., Walker C. Friedman, Christian D. Tucker, Fort Worth, for Real Party.

Panel B: DAY, DAUPHINOT, and GARDNER, JJ.

## OPINION

DAUPHINOT, Justice.

Relator Debbie Patton seeks mandamus relief from the probate court's order striking her trial exhibits. Patton contends the probate court abused its discretion in excluding her trial exhibits because their exclusion constitutes improper death penalty sanctions. She further contends she was denied due process because she was never notified that case determinative sanctions could be imposed. We conditionally grant Patton's petition for writ of mandamus.

### Factual and Procedural Background

Patton, a plaintiff in the underlying action, brought suit against real party in interest, Bank One, for breach of fiduciary duties and mismanagement of her father's estate. The probate court entered a pretrial order specially setting trial for April 23, 2001. The order also required each party to file and serve upon opposing counsel, via hand delivery, their trial exhibit list. Specifically, the order required each party to produce:

> A list separately identifying each exhibit the party expects to offer during the trial. Any counsel requiring authentication of an exhibit must so notify in writing the offering counsel within three (3) business days after the exhibit is made available to opposing counsel. FAILURE TO DO SO IS AN ADMISSION OF AUTHENTICITY.

After Patton served Bank One with her exhibit list, Bank One filed a motion to exclude Patton's trial exhibits on the grounds that she "failed to provide any of the exhibits" with the exhibit list and "failed to provide a sufficiently descriptive exhibit list." The trial court granted Bank One's motion and entered an order excluding Patton's trial exhibits. On April 20, 2001, we stayed the April 23, 2001 trial setting, pending disposition of this original proceeding.

### Mandamus Relief

In seeking mandamus relief, Patton argues that the probate court's exclusion of her trial exhibits constitutes improper death penalty sanctions that are unjust and excessive under the standards set forth in *TransAmerican Natural Gas Corp. v. Powell.*[1] In response, Bank One contends that this mandamus proceeding is "essentially a moot issue." Bank One argues that a probate court staff member informed the parties that the court would modify its order before trial so that any document produced by Patton during discovery would not be excluded on the basis that a copy was not provided with Patton's exhibit list.

In addressing Patton's petition for writ of mandamus, this court will not rely on a

---

1. 811 S.W.2d 913, 917 (Tex.1991) (orig.proceeding).

court staff member's representations. In the absence of a court order rendering the petition moot, Patton properly sought mandamus relief. Thus, we turn to the merits of her petition.

A writ of mandamus will lie only if the trial court abuses its discretion and there is no adequate remedy by appeal.[2] A trial court has power, implicit under rule 166 of the Texas Rules of Civil Procedure, to sanction a party for failing to obey the court's pretrial orders.[3] However, a trial court abuses its discretion if the sanctions imposed are not just.[4] In determining whether sanctions, including death penalty sanctions, are just and appropriate, we review the sanctions order under the two-prong test set forth in *TransAmerican*.[5] First, a direct relationship must exist between the offensive conduct and the sanction imposed.[6] This prong is not met when the party seeking sanctions can show no prejudice due to the offending party's conduct.[7] Second, the sanction imposed must not be excessive.[8] This prong requires trial courts to consider whether the imposition of lesser sanctions would promote compliance.[9]

The probate court's order in this case does not meet the first *TransAmerican* prong because there was no offensive conduct. Patton did not fail to comply with the probate court's order. To the contrary, it appears she complied in all respects with the order. The order required only that the parties file and serve

their "exhibit list," which Patton did. There was no requirement in the pretrial order that the actual exhibits be served *with* the exhibit list. As Patton points out, at this stage of the trial proceedings, it is likely that each party has already produced to the other all exhibits included in their trial exhibit lists. Producing additional copies would not only be duplicitous absent a request to produce them, but more importantly was not required under the pretrial order.

Instead of requesting any documents identified in the exhibit list it did not have, Bank One moved to have all of Patton's exhibits excluded. Bank One made no showing that it was prejudiced by Patton's failure to serve her exhibits with her exhibit list.[10] Instead, Bank One relied solely upon its interpretation of the pretrial order as requiring service of the exhibits. As we have already stated, the order contained no such requirement. We conclude the probate court abused its discretion in ordering that all Patton's trial exhibits be excluded based on her failure to produce the exhibits with her exhibit list.

Bank One contends it also moved to strike Patton's trial exhibits on the ground that the listed exhibits were ambiguous and vague. Specifically, Bank One points to a single entry in the exhibit list, which identifies "[a]ll documents produced by Bank One." Bank One claims this designation is useless as these "documents" are contained in approximately eighty (80)

2. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding).

3. *See Koslow's v. Mackie*, 796 S.W.2d 700, 703–04 & n. 1 (Tex.1990).

4. *TransAmerican*, 811 S.W.2d at 917.

5. *Id.*

6. *Id.*

7. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex.1992) (orig.proceeding).

8. *TransAmerican*, 811 S.W.2d at 917.

9. *Blackmon*, 841 S.W.2d at 849.

10. *See id.* (stating first prong is not met when party seeking sanctions can show no prejudice due to offending party's conduct).

boxes of documents, which contain thousands of pages of distinctly different documents.

While the designation is vague, Patton was never given the opportunity to correct the listing before being sanctioned by having the exhibits excluded. In order to be just, sanctions must not be excessive. Sanctions are excessive where there is no evidence that the trial court considered whether the imposition of lesser sanctions would promote compliance.[11] Here, there is no evidence the probate court considered lesser sanctions before excluding Patton's trial exhibits. We conclude the probate court abused its discretion in ordering the trial exhibits "produced by Bank One" excluded based on the vagueness of Patton's designation without considering lesser sanctions.

 Patton contends mandamus relief is appropriate because she has no adequate remedy by appeal.[12] Patton, as plaintiff in the underlying action, has the burden of proving each element of her causes of action against Bank One. The order excluding her trial exhibits will prevent Patton from presenting the merits of her claims, is tantamount to striking her pleadings, and is case determinative. Therefore, the order constitutes death penalty sanctions.[13] Death penalty sanctions are reviewable by mandamus because there is no adequate remedy by way of appeal.[14]

## Conclusion

We conclude the probate court was not justified in imposing death penalty sanctions under its inherent power under rule 166. Accordingly, we hold the probate court abused its discretion in excluding Patton's trial exhibits and that she has no adequate remedy by appeal. Without hearing oral argument, we vacate our April 20, 2001 stay order, conditionally grant Patton's petition for writ of mandamus, and direct the probate court to vacate its April 9, 2001 order excluding Patton's trial exhibits.[15] We are confident that the probate court will vacate its order as we have directed, and our writ will issue only if the court refuses to do so.

---

**11.** *Id.; TransAmerican,* 811 S.W.2d at 917.

**12.** *See Johnson,* 700 S.W.2d at 917 (holding mandamus relief is appropriate only if trial court abuses its discretion and there is no adequate remedy by appeal).

**13.** *See GTE Comm. Sys. Corp. v. Tanner,* 856 S.W.2d 725, 732 (Tex.1993) (orig.proceeding); *Blackmon,* 841 S.W.2d at 849.

**14.** *TransAmerican,* 811 S.W.2d at 920.

**15.** *See* Tex.R.App. P. 52.8(c).