TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00245-CV






In re Parisrice Robinson







ORIGINAL PROCEEDING FROM TRAVIS COUNTY







 In this mandamus proceeding, relator Parisrice Robinson complains of an order signed
on April 9, 2001 by the trial court granting real parties in interest's (1) second amended motion to quash
plaintiff's notice of intention to take deposition by written questions and subpoena duces tecum and
for protective order. We have examined the briefs submitted by the parties along with the record
filed with this Court and conclude that the trial court abused its discretion in granting Hargrove's
motion to quash. See Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) ("'Mandamus issues only
to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other
adequate remedy by law.'") (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 197
(Tex. 1985)). Rule 192.3 of the Texas Rules of Civil Procedure allows parties to obtain discovery
"regarding any matter that is not privileged and is relevant to the subject matter of the pending
action." Tex. R. Civ. P. 192.3. We construe this rule liberally to allow the litigants to obtain the
fullest knowledge of the facts and issues prior to trial. Axelson, Inc. v. Grainger, 798 S.W.2d 550,
553 (Tex. 1990) (orig. proceeding).

 Hargrove, in this case, argued that the information sought is irrelevant to Robinson's
claims because it is "inadmissible to prove the Plaintiff's prima facie case," and the trial court
agreed. (2) However, rule 192.3 provides, "It is not a ground for objection that the information sought
will be inadmissible at trial if the information sought appears reasonably calculated to lead to the
discovery of admissible evidence." Tex. R. Civ. P. 192.3. Finding no other basis for granting the
motion to quash, (3) we conclude that the trial court abused its discretion in doing so.

 Moreover, Robinson does not have an adequate remedy by appeal because the trial
court has disallowed discovery, and the discovery cannot be made a part of the appellate record. See
Walker, 827 S.W.2d at 843-44 (Tex. 1992).

 Accordingly, we conditionally grant the writ of mandamus. The writ will issue only
in the event that the trial court fails to vacate its order in accordance with this opinion.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Mandamus Conditionally Granted 

Filed: August 9, 2001

Do Not Publish

1. Real parties in interest include James Hargrove, the Housing Authority for the City of Austin,
C. Richie, R. Moya, N. Garza, S. Gallo, and J. Ewbank, the defendants in the underlying suit. For
the sake of convenience, we will refer to the real parties in interest collectively as "Hargrove."
2. The trial court stated that it granted the motion to quash "on the issue of the - mainly relevance,
and the issue of needing to resolve the issue as to . . . immunity." We do not address the issue of
official immunity, as that issue was raised as an affirmative defense only two days before the hearing
on the motion to quash. 
3. Relying on section 22.002 of the civil practice and remedies code and rule 176.3(a), Hargrove
also objected to the deposition on written questions and subpoena duces tecum on the basis that the
"subpoenas extend[ed] outside of the permissible subpoena range." Section 22.002 concerns the
subpoena of witnesses during trial and has no applicability here. Tex. Civ. Prac. & Rem. Code Ann.
§ 22.002 (West 1997). Rule 176.3(a) states that a person may not be required to appear or produce
documents in a county that is more than 150 miles from where the person resides. There is no
indication here that the witnesses noticed for the deposition on written questions have been required
to appear or produce documents in a county more than 150 miles from where they reside.


w Roman">







 In this mandamus proceeding, relator Parisrice Robinson complains of an order signed
on April 9, 2001 by the trial court granting real parties in interest's (1) second amended motion to quash
plaintiff's notice of intention to take deposition by written questions and subpoena duces tecum and
for protective order. We have examined the briefs submitted by the parties along with the record
filed with this Court and conclude that the trial court abused its discretion in granting Hargrove's
motion to quash. See Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) ("'Mandamus issues only
to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other
adequate remedy by law.'") (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 197
(Tex. 1985)). Rule 192.3 of the Texas Rules of Civil Procedure allows parties to obtain discovery
"regarding any matter that is not privileged and is relevant to the subject matter of the pending
action." Tex. R. Civ. P. 192.3. We construe this rule liberally to allow the litigants to obtain the
fullest knowledge of the facts and issues prior to trial. Axelson, Inc. v. Grainger, 798 S.W.2d 550,
553 (Tex. 1990) (orig. proceeding).

 Hargrove, in this case, argued that the information sought is irrelevant to Robinson's
claims because it is "inadmissible to prove the Plaintiff's prima facie case," and the trial court
agreed. (2) However, rule 192.3 provides, "It is not a ground for objection that the information sought
will be inadmissible at trial if the information sought appears reasonably calculated to lead to the
discovery of admissible evidence." Tex. R. Civ. P. 192.3. Finding no other basis for granting the
motion to quash, (3) we conclude that the trial court abused its discretion in doing so.

 Moreover, Robinson does not have an adequate remedy by appeal because the trial
court has disallowed discovery, and the discovery cannot be made a part of the appellate record. See
Walker, 827 S.W.2d at 843-44 (Tex. 1992).

 Accordingly, we conditionally grant the writ of mandamus. The writ will issue only
in the event that the trial court fails to vacate its order in accordance with this opinion.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Mandamus Conditionally Granted 

Filed: August 9, 2001

Do Not Publish

1. Real parties in interest include James Hargrove, the Housing Authority for the City of Austin,
C. Richie, R. Moya, N. Garza, S. Gallo, and J. Ewbank, the defendants in the underlying suit. For
the sake of convenience, we will