**In re Don TOLLISON and Wife, Robbie Tollison, Relators.**

No. 08–02–00201–CV.

Court of Appeals of Texas, El Paso.

Dec. 5, 2002.

A. Craig Eiland Attorney At Law, P.C., Houston, for Relators.

John G. Hyde, Midland, for Respondent.

Brian Carney, Midland, Michelle Elaine Robberson, Cooper & Scully, Dallas, for Real Parties in Interest.

Before Panel No. 3, BARAJAS, C.J., LARSEN and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

Relators Don and Robbie Tollison, plaintiffs in a medical malpractice action against P.V. Patel, M.D., petition for a writ of mandamus directing the trial court to vacate an order of April 23, 2002 and compel Patel's deposition testimony regarding certain documents obtained from Patel's federal lawsuit against Midland Memorial Hospital. Finding that the trial court did not commit a clear abuse of discretion, we decline to issue the writ.

### Facts

Plaintiffs' suit against Dr. Patel alleges negligence in the rendition of medical services to plaintiff Don Tollison. During discovery, plaintiffs learned that documents relating to Dr. Patel's performance had been filed in a federal lawsuit Dr. Patel brought against Midland Memorial Hospital for suspending his staff privileges there. In responding to the lawsuit, the hospital produced and filed peer review committee records, including evaluations of Dr. Patel's medical skill and competence. The documents were not under seal, so plaintiffs obtained copies of them by requesting access to the file, as could any interested member of the public.

Plaintiffs sought to use the peer review records in cross-examining Dr. Patel during deposition. His counsel objected, claimed privilege, and instructed him not to answer questions regarding the peer review records. Plaintiffs filed a motion to compel, which the trial court reluctantly denied, finding that *In re University of Texas Health Center at Tyler*, 33 S.W.3d 822 (Tex.2000) (orig.proceeding) governed, and there the Texas Supreme Court had prohibited the use of peer review documents absent a statutory waiver of privilege by the peer review committee. In its ruling, the trial court stated:

> That ruling of the Supreme Court, as I interpret it, binds this court to deny the use of the peer review documents in the case now pending. Believing this ruling is legally correct but forcing an unfair result, I encourage Plaintiffs to seek mandamus relief.

The resulting mandamus action is now before this Court.

### Standard for issuing writ of mandamus

Mandamus is an extraordinary remedy available only when a trial court clearly abuses its discretion and when there is no adequate remedy by appeal. *In re Ford Motor Co.,* 988 S.W.2d 714, 718 (Tex.1998) (orig.proceeding). A trial court abuses its discretion when its decision is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding). In addition, relator must establish that there is no adequate remedy by ordinary appeal. *Walker v. Packer,* 827 S.W.2d 833, 842 (Tex.1992) (orig.proceeding).

**Did the trial court abuse its discretion in finding the medical peer review privilege under TEX. OCC.CODE ANN. § 160.007 continues to protect otherwise privileged documents after they were used in defending a lawsuit, and thus became public record?**

The Texas Occupations Code provides that, except for certain exceptions which do not apply here, "each proceeding or record of a medical peer review committee is confidential, and any communication made to a medical peer review committee is privileged." TEX. OCC.CODE ANN. § 160.007(a) (Vernon Supp.2003). The Code also provides that:

> Unless disclosure is required or authorized by law, a record or determination of or a communication to a medical peer review committee is not subject to subpoena or discovery and is not admissible as evidence in any civil judicial or administrative proceeding without waiver of the privilege of confidentiality executed in writing by the committee. The evidentiary privileges created by this subtitle may be invoked by a person or organization in a civil judicial or administrative proceeding unless the person or organization secures a waiver of the privilege executed in writing by the chair, vice chair, or secretary of the affected medical peer review committee. TEX. OCC.CODE ANN. § 160.007(e) (Vernon Supp.2003).

It is undisputed that plaintiffs have not obtained a written waiver from the medical peer review committee.

The Code also provides that a person participating in peer review, a medical peer review committee, or health care entity named as defendant in a civil action filed as a result of participation in a peer review may:

> [U]se otherwise confidential information obtained for legitimate internal business and professional purposes, including use in the defendant's own defense. Use of confidential information under this subsection does not constitute a waiver of the confidential and privileged nature of medical peer review committee proceedings. TEX. OCC.CODE ANN. § 160.008(b) (Vernon Supp.2003).

Here, defendant Patel asked the trial court to extend the privilege to include documents which are undisputedly part of the public record, obtained through legitimate means, but as to which there is no written waiver. The plaintiffs, moreover, do not seek the documents through subpoena or discovery, nor do they seek to have them admitted as evidence (at least, not yet). Rather, they already possess the peer review records, and they merely seek to use them in cross-examining Dr. Patel.

*A. Patel is a person entitled to invoke the privilege.*

■ Relators first urge that Dr. Patel cannot invoke the peer review privilege because he is not a medical review committee nor member thereof protected by the statute. We disagree. The statute provides that the privilege may be invoked by a person or organization. A physician is defined as a *"person* licensed to practice medicine in this state." TEX. OCC.CODE ANN. § 151.002(a)(12) (Vernon Supp.2003) (emphasis added). We think the statute clearly enables him to invoke the privilege, if it has not been otherwise waived or forfeited.

*B. The trial court did not commit a clear abuse of discretion in interpreting the statute to protect the peer review documents here.*

■ Initially, we think it important to state what we do not hold here today. We do not hold that the peer review privilege cannot be waived by public disclosure of otherwise privileged documents. We do

not hold that plaintiffs may not inquire about particular subjects relevant to proving their cause of action, simply because they may be touched upon in peer review documents. We do not even hold that Judge Hyde's decision on this issue was not error. We hold only, as is our charge in a mandamus proceeding, that the trial court did not commit a clear abuse of discretion in upholding the privilege here.

■ The Texas Supreme Court has consistently upheld the peer review privilege, stating that its purpose is to foster free, frank exchange among medical professionals about the professional competence of their peers. *Irving Healthcare Sys. v. Brooks*, 927 S.W.2d 12, 17 (Tex.1996) (orig.proceeding). Its vitally important purpose is to promote the improvement of health care and treatment of patients through review, analysis, and evaluation of the work and procedures of medical entities and personnel who staff them. *See Family Med. Center v. Ramirez*, 855 S.W.2d 200, 202 (Tex.App.-Corpus Christi 1993, orig. proceeding). To serve this purpose, the Legislature has balanced the competing policy considerations of ensuring confidentiality for effective peer review and allowing complete discovery of legal claims. *Irving Healthcare Sys.*, 927 S.W.2d at 17.

In the case relied upon by the trial court here, the Supreme Court upheld the privilege against discovery, even where a peer review committee's recommendations had been disclosed in response to interrogatories. *In re University of Texas Health Center at Tyler*, 33 S.W.3d 822, 827 (Tex. 2000) (orig.proceeding). There, defendant did not initially assert the peer review privilege, but it did object to an interrogatory on the basis that it called for remedial measures. Subject to the objection, defendant provided the requested information, which included recommendations of a peer review committee. *Id.* The Supreme Court held that this voluntary disclosure did not constitute a waiver of the peer review privilege. The court held that the statute provides the means for waiving the privilege, that the burden of proving waiver is on the person seeking access to the documents, and the burden had not been met. *Id.*

After reviewing the Occupations Code and Supreme Court precedent, it is impossible for this Court to find that the trial court clearly abused its discretion in holding as it did. The trial judge reluctantly applied what he believed to be the law, even though he thought the result unfair in this case. Far from abusing his discretion, Judge Hyde exhibited a laudable willingness to apply the law even when his personal feelings might dictate another result. Mandamus was not intended to address such situations.

Nevertheless we feel compelled to observe, as did Judge Hyde, that it seems unfair and illogical that this statute could prevent plaintiffs from using information available to, and publishable by, any newspaper reporter. Common sense dictates there must be some point at which privilege ceases to serve its intended purpose. We reserve judgment as to when that point is reached.

### Conclusion

Because we cannot conclude that Judge Hyde's order of April 23, 2002 constituted a clear abuse of discretion, we deny the Tollisons' petition for writ of mandamus.