COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
  
  
 IN RE DON TOLLISON AND WIFE, ROBBIE TOLLISON,
  
                             Relators.
  
  
  
  
  
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00201-CV
  
 AN ORIGINAL PROCEEDING
 IN MANDAMUS
  
 
 


O P I N I O N

 

Relators Don and Robbie Tollison,
plaintiffs in a medical malpractice action against P.V. Patel, M.D., petition
for a writ of mandamus directing the trial court to vacate an order of April
23, 2002 and compel Patel=s deposition testimony regarding certain documents obtained
from Patel=s federal lawsuit against Midland
Memorial Hospital.  Finding that the
trial court did not commit a clear abuse of discretion, we decline to issue the
writ.

Facts








Plaintiffs= suit against Dr. Patel alleges
negligence in the rendition of medical services to plaintiff Don Tollison.  During discovery, plaintiffs learned that
documents relating to Dr. Patel=s performance had been filed in a federal lawsuit Dr. Patel
brought against Midland Memorial Hospital for suspending his staff privileges
there.  In responding to the lawsuit, the
hospital produced and filed peer review committee records, including
evaluations of Dr. Patel=s medical skill and competence.  The documents were not under seal, so
plaintiffs obtained copies of them by requesting access to the file, as could any
interested member of the public.

Plaintiffs sought to use the peer
review records in cross-examining Dr. Patel during deposition.  His counsel objected, claimed privilege, and
instructed him not to answer questions regarding the peer review records.  Plaintiffs filed a motion to compel, which
the trial court reluctantly denied, finding that In re University of Texas
Health Center at Tyler, 33 S.W.3d 822 (Tex. 2000) (orig. proceeding)
governed, and there the Texas Supreme Court had prohibited the use of peer
review documents absent a statutory waiver of privilege by the peer review
committee.  In its ruling, the trial
court stated:

That
ruling of the Supreme Court, as I interpret it, binds this court to deny the
use of the peer review documents in the case now pending.  Believing this ruling is legally correct but
forcing an unfair result, I encourage Plaintiffs to seek mandamus relief.

 

The resulting mandamus action is now before this Court.

Standard
for issuing writ of mandamus








Mandamus is an extraordinary remedy
available only when a trial court clearly abuses its discretion and when there
is no adequate remedy by appeal.  In
re Ford Motor Co., 988 S.W.2d 714, 718 (Tex. 1998) (orig. proceeding).  A trial court abuses its discretion when its
decision is so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.  Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding).  In addition, relator must
establish that there is no adequate remedy by ordinary appeal.  Walker v. Packer, 827 S.W.2d 833, 842
(Tex. 1992) (orig. proceeding).

Did the trial court abuse
its discretion in finding the medical
peer review privilege under Tex. Occ.
Code Ann. ' 160.007 continues to protect otherwise privileged
documents after they were used in defending a lawsuit, and thus became
public  record?

 

The Texas Occupations Code provides
that, except for certain exceptions which do not apply here, Aeach proceeding or record of a
medical peer review committee is confidential, and any communication made to a
medical peer review committee is privileged.@ 
Tex. Occ. Code Ann. ' 160.007(a) (Vernon Supp. 2003).  The Code also provides that:

Unless
disclosure is required or authorized by law, a record or determination of or a
communication to a medical peer review committee is not subject to subpoena or
discovery and is not admissible as evidence in any civil judicial or
administrative proceeding without waiver of the privilege of confidentiality
executed in writing by the committee. 
The evidentiary privileges created by this subtitle may be invoked by a
person or organization in a civil judicial or administrative proceeding unless
the person or organization secures a waiver of the privilege executed in
writing by the chair, vice chair, or secretary of the affected medical peer
review committee.  Tex. Occ. Code Ann. ' 160.007(e) (Vernon Supp. 2003).

 

It is undisputed that plaintiffs have not obtained a written
waiver from the medical peer review committee.








The Code also provides that a person
participating in peer review, a medical peer review committee, or health care
entity named as defendant in a civil action filed as a result of participation
in a peer review may:

[U]se
otherwise confidential information obtained for legitimate internal business
and professional purposes, including use in the defendant=s own defense. 
Use of confidential information under this subsection does not
constitute a waiver of the confidential and privileged nature of medical peer
review committee proceedings.  Tex. Occ. Code Ann. ' 160.008(b) (Vernon Supp. 2003).

 

Here, defendant Patel asked the trial court to extend the
privilege to include documents which are undisputedly part of the public
record, obtained through legitimate means, but as to which there is no written
waiver.  The plaintiffs, moreover, do not
seek the documents through subpoena or discovery, nor do they seek to have them
admitted as evidence (at least, not yet). 
Rather, they already possess the peer review records, and they merely
seek to use them in cross-examining Dr. Patel.

A. 
Patel is a person entitled to invoke the privilege.

Relators first urge that Dr. Patel
cannot invoke the peer review privilege because he is not a medical review
committee nor member thereof protected by the statute.  We disagree. 
The statute provides that the privilege may be invoked by a person or
organization.  A physician is defined as
a Aperson licensed to practice medicine in
this state.@ 
Tex. Occ. Code Ann. ' 151.002(a)(12) (Vernon Supp. 2003)
(emphasis added).  We think the statute
clearly enables him to invoke the privilege, if it has not been otherwise
waived or forfeited.








B.  The trial court did not commit a clear abuse
of discretion in interpreting the statute to protect the peer review documents
here.

 

Initially, we think it important to
state what we do not hold here today.  We
do not hold that the peer review privilege cannot be waived by public
disclosure of otherwise privileged documents. 
We do not hold that plaintiffs may not inquire about particular subjects
relevant to proving their cause of action, simply because they may be touched
upon in peer review documents.  We do not
even hold that Judge Hyde=s decision on this issue was not error.  We hold only, as is our charge in a mandamus
proceeding, that the trial court did not commit a clear abuse of discretion in
upholding the privilege here.

The Texas Supreme Court has
consistently upheld the peer review privilege, stating that its purpose is to
foster free, frank exchange among medical professionals about the professional
competence of their peers.  Irving
Healthcare Sys. v. Brooks, 927 S.W.2d 12, 17 (Tex. 1996) (orig.
proceeding).  Its vitally important
purpose is to promote the improvement of health care and treatment of patients
through review, analysis, and evaluation of the work and procedures of medical
entities and personnel who staff them.  See
Family Med. Center v. Ramirez, 855 S.W.2d 200, 202 (Tex. App.--Corpus
Christi 1993, orig. proceeding).  To
serve this purpose, the Legislature has balanced the competing policy
considerations of ensuring confidentiality for effective peer review and
allowing complete discovery of legal claims. 
Irving Healthcare Sys., 927 S.W.2d at 17.








In the case relied upon by the trial
court here, the Supreme Court upheld the privilege against discovery, even
where a peer review committee=s recommendations had been disclosed in response to
interrogatories.  In re University of
Texas Health Center at Tyler, 33 S.W.3d 822, 827 (Tex. 2000) (orig.
proceeding).  There, defendant did not
initially assert the peer review privilege, but it did object to an
interrogatory on the basis that it called for remedial measures.  Subject to the objection, defendant provided
the requested information, which included recommendations of a peer review
committee.  Id.  The Supreme Court held that this
voluntary disclosure did not constitute a waiver of the peer review
privilege.   The court held that the
statute provides the means for waiving the privilege, that the burden of
proving waiver is on the person seeking access to the documents, and the burden
had not been met.  Id.

After reviewing the Occupations Code
and Supreme Court precedent, it is impossible for this Court to find that the
trial court clearly abused its discretion in holding as it did.  The trial judge reluctantly applied what he
believed to be the law, even though he thought the result unfair in this
case.  Far from abusing his discretion,
Judge Hyde exhibited a laudable willingness to apply the law even when his
personal feelings might dictate another result. 
Mandamus was not intended to address such situations.

Nevertheless we feel compelled to
observe, as did Judge Hyde, that it seems unfair and illogical that this
statute could prevent plaintiffs from using information available to, and
publishable by, any newspaper reporter. 
Common sense dictates there must be some point at which privilege ceases
to serve its intended purpose.  We
reserve judgment as to when that point is reached.








Conclusion

Because we cannot conclude that Judge
Hyde=s order of April 23, 2002 constituted
a clear abuse of discretion, we deny the Tollisons= petition for writ of mandamus.

 

SUSAN
LARSEN, Justice

December 5, 2002

 

Before Panel No. 3

Barajas, C.J., Larsen, and
Chew, JJ.

 

(Publish)