NO. 07-03-0194-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 5, 2003



______________________________




IN RE TIMOTHY HUSEMAN


_________________________________




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator Timothy Huseman seeks a writ of mandamus ordering respondent, the
Honorable David Gleason, allegedly the Judge of the 47th District Court of Randall County
(the trial court), (1) to act on certain motions relator asserts have been filed in Cause Number
51,363-A in the trial court. We deny the petition. 

 On April 29, 2003, relator filed with the clerk of this court a pleading entitled Petition
for Writ of Mandamus. Relator alleges that he has previously filed various post-hearing
motions relating to an Order In Suit to Modify Parent-Child Relationship and Order on
Petition In Intervention for Conservatorship. He further alleges that he has written letters
to respondent and to the clerk of the trial court attempting to obtain action on his post-hearing motions, all to no avail. We are requested to issue a writ of mandamus directing
Judge Gleason to rule on relator's motions. 

 In support of the petition for writ of mandamus, relator attaches unsworn, uncertified
copies of some of the motions and letters he references. He does not attach copies of
letters to Judge Gleason requesting setting of or action on the motions or presenting the
motions to respondent for action. When petition for writ of mandamus is made, it is the relator's burden to show
entitlement to the relief being requested. See generally Johnson v. Fourth District Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the
petition a certified sworn copy of every document that is material to relator's claim for relief
and that was filed in any underlying proceeding, and a properly authenticated transcript
of any relevant testimony from any underlying proceeding including any exhibits offered
in evidence or a statement that no testimony was adduced in connection with the matter
complained of. Tex. R. App. P. 52.7(a).

 Relator's petition contains only allegations. Certified, sworn copies of the motions
and correspondence referenced in the petition are not attached or furnished. Relator has
not presented a record which shows entitlement to the relief sought, or upon which we are
authorized to act.

 The petition for writ of mandamus is denied.

 Phil Johnson

 Chief Justice
1. Judge Gleason is no longer judge of the 47th District Court of Randall County. 



 Name="heading 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO. 07-10-0185-CR

                                                                              

                                                   IN THE COURT OF
APPEALS

 

                                       FOR THE SEVENTH DISTRICT OF
TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                 JUNE
14, 2010

                                            ______________________________

 

                             OMAR GUERRERO, A/K/A SALVADOR GUERRERO,

 

                                                                                                                        Appellant

 

                                                                             v.

 

                                                        THE STATE OF
TEXAS, 

 

                                                                                                                        Appellee

 

________________________________

 

                        FROM THE 108th DISTRICT COURT OF POTTER
COUNTY;

 

                             NO. 59,732-E; HON. DOUG WOODBURN,
PRESIDING

                                           _______________________________

                                                                              

                                               ON ABATEMENT AND
REMAND

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

Appellant
appeals from his conviction for aggravated robbery.  Neither the clerks record nor the reporters
record has been filed.  Furthermore, a
request has been made to extend the deadline by which the appellate record must
be filed.  Through the request, we are
told that appellant has not paid or made arrangements to pay for the appellate
record and that no attorney has been appointed to represent him on appeal.








Accordingly, we
abate this appeal and remand the cause to the 108th District Court of Potter
County (trial court) for further proceedings. 
Upon remand, the trial court shall determine, by reasonable evidentiary
procedure it selects, the following:

1.  whether appellant desires to prosecute the
appeal; 

         2. 
whether appellant is indigent; and, if so,

3.  whether
the appellant is entitled to a free appellate record and the appointment of an
attorney due to his indigency. 

 

The trial court
is also directed to enter such orders necessary to address the aforementioned
questions.  So too shall it include its
findings on those matters (including the name, address, and phone number of any
attorney it may appoint to represent appellant in this appeal) in a
supplemental record and cause that record to be filed with this court by July
14, 2010.  Should further time be needed
to perform these tasks, then same must be requested before July 14, 2010.  In the meantime, all other appellate
deadlines are stayed until further order of this court.

It is so
ordered.

Per Curiam

Do not publish.