NO. 07-03-0317-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 18, 2003



______________________________




IN RE BENJAMIN V. WRIGHT, RELATOR



_________________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator Benjamin V. Wright seeks a writ of mandamus ordering the County of
Lubbock to respond to a nunc pro tunc order. We deny the petition. 

 On July 16, 2003, Relator filed with the clerk of this court a pleading entitled
Application for Writ of Mandamus. The pleading alleges that the County of Lubbock has
failed to "act as requested by the Relator. . . because the Relator [sic] failed to respond to
a Nunc Pro Tunc order asking to correct a time credit dispute." We are requested to issue
a writ of mandamus directing Lubbock County to reply to the Nunc Pro Tunc order. 

 In support of the petition for writ of mandamus, relator did not attach any document
or record of proceedings. When petition for writ of mandamus is made, it is the relator's burden to show
entitlement to the relief being requested. See generally Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the
petition a certified sworn copy of every document that is material to relator's claim for relief
and that was filed in any underlying proceeding, and a properly authenticated transcript
of any relevant testimony from any underlying proceeding including any exhibits offered
in evidence or a statement that no testimony was adduced in connection with the matter
complained of. Tex. R. App. P. 52.7(a).

 Relator's petition contains only allegations. Certified, sworn copies of the order and
correspondence referenced in the petition are not attached or furnished, nor is any other
document or transcript. Relator has not presented a record which shows entitlement to the
relief sought, or upon which we are authorized to act.

 The petition for writ of mandamus is denied.



 Phil Johnson

 Chief Justice








 what
orders, if any, should be entered to assure the filing of appropriate notices and
documentation to dismiss appellant's appeal if appellant does not desire to prosecute this
appeal, or, if appellant desires to prosecute this appeal, to assure that the clerk's record
will be promptly filed and that the appeal will be diligently pursued. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a clerk's record on remand; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record; and (4) have a record of the proceedings
made to the extent any of the proceedings are not included in the clerk's record or the
reporter's record. In the absence of a request for extension of time from the trial court, the
clerk's record on remand, reporter's record of the hearing and proceedings pursuant to this
order, and any additional proceeding records, including any orders, findings, conclusions
and recommendations, are to be sent so as to be received by the clerk of this court not
later than June 16, 2003. 

 

 Per Curiam

Do not publish.