NO. 12-03-00334-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



§
 


IN RE: BARBARA STRAIN, INDIVIDUALLY 

AND AS ADMINISTRATOR OF THE 


ESTATE OF BOBBY STRAIN, DECEASED
§
 ORIGINAL PROCEEDING

STEVE STRAIN, STANLEY STRAIN,

AND CRYSTAL STRAIN, BY AND THROUGH

THEIR ATTORNEY OF RECORD,

CHARLES W. NICHOLS
§







MEMORANDUM OPINION


 Relators Barbara Strain, individually and as administrator of the estate of Bobby Strain,
deceased, and Steve Strain, Stanley Strain, and Crystal Strain, by and through their attorney of
record, Charles W. Nichols seek a writ of mandamus requiring the trial court to (1) withdraw its
expulsion of Relators' counsel from the courtroom and (2) withdraw its order of abatement or set
an accelerated schedule within which Relators may reply and show why such order of abatement
should not be withdrawn. Relators also complain that the trial court refused to rule on their motion
to compel and motion for sanctions. We deny the writ.


Availability of Mandamus


 Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of
discretion where there is no adequate remedy by appeal. See Walker v. Packer, 827 S.W.2d 833,
839-41 (Tex. 1992). A relator who attacks the ruling of a trial court as an abuse of discretion labors
under a heavy burden. Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). 
To establish an abuse of discretion, the relator must show that the trial court's decision was "so
arbitrary and unreasonable as to amount to a clear and prejudicial error of law." Walker, 827 S.W.2d
at 839 (quoting Johnson, 700 S.W.2d at 917). A trial court has no discretion in determining what
the law is or applying the law to the facts. Walker, 827 S.W.2d at 840. Therefore, a "clear failure
by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." Id.

 After reviewing Relators' petition, the record, and applicable law, we conclude that Relators
have failed to demonstrate that the trial court abused its discretion. Therefore, Relators' petition for
writ of mandamus is denied. 


 DIANE DEVASTO 

 Justice



Opinion delivered October 29, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
















(PUBLISH)