Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 7,
2004









 

Petition for Writ of Mandamus Denied and Memorandum
Opinion filed May 7, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00437-CV

____________

 

IN RE PADDY ARGOVITZ, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N








On the afternoon of May 6, 2004, relator filed
a petition for writ of mandamus in this court in connection with an arbitration
scheduled for the following morning.  See
Tex. Gov=t. Code Ann. ' 22.221 (Vernon Supp. 2004); see
also Tex. R. App. P. 52.  In her petition, relator seeks to have this
court compel the Honorable Frank Rynd, presiding judge of the 309th District
Court of Harris County, to set aside his orders (1) signed April 8, 2004,
finding the parties= agreement entered January 8, 2004 is a binding mediated
settlement agreement, and (2) signed April 23, 2004, referring the case to
arbitration pursuant to the mediated settlement agreement.  

Mandamus is an extraordinary remedy, available only when a
trial court clearly abuses its discretion, either in resolving factual issues
or in determining legal principles, and there is no other adequate remedy by
appeal.  In re Kuntz, 124 S.W.3d
179, 180 (Tex. 2003) Walker v. Packer, 827 S.W.2d 833, 839‑40
(Tex. 1992).  In determining whether
there has been a clear abuse of discretion justifying mandamus relief, the
reviewing court must consider whether the trial court=s ruling was arbitrary, unreasonable,
or reached without reference to any guiding rules or principles, amounting to a
clear and prejudicial error of law.  Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917-18 (Tex. 1985).  When alleging that a trial court abused its
discretion in its resolution of factual issues, the party must show the trial
court could reasonably have reached only one decision.  Id. at 918.  As to the determination of legal principles,
an abuse of discretion occurs if the trial court clearly fails to analyze or
apply the law correctly.  Walker,
827 S.W.2d at 840.

We find relator has failed to demonstrate the trial court
abused its discretion.  Accordingly, we
deny relator=s petition for writ of mandamus. 

 

PER CURIAM

 

Petition Denied
and Memorandum Opinion filed May 7, 2004.

Panel consists of
Chief Justice Hedges and Justices Frost and Guzman.