Opinion issued on February 7, 2008.














In The
Court of Appeals
For The
First District of Texas




NO. 01-07-01021-CV




IN RE BANC ONE INVESTMENT ADVISORS CORPORATION N/K/A
JPMORGAN INVESTMENT ADVISORS, INC., BANK ONE NATIONAL
ASSOCIATION N/K/A JPMORGAN CHASE BANK, NA, BANK ONE
CORPORATION N/K/A JPMORGAN CHASE & CO., AMERICAN NATIONAL
BANK AND TRUST COMPANY OF CHICAGO N/K/A JPMORGAN CHASE
BANK, NA, AND VICKY R. LITTLE, relators




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION

          By petition for writ of mandamus, relators, Banc One Investment Advisors
Corporation n/k/a JPMorgan Investment Advisors, Inc., Bank One National
Association n/k/a JPMorgan Chase Bank, NA, Bank One Corporation n/k/a
JPMorgan Chase & Co., American National Bank and Trust Company of Chicago
n/k/a JPMorgan Chase Bank, NA, and Vicky R. Little (collectively the “Bank One
Defendants”) challenge the trial court’s order of November 6, 2007, denying motion
to compel arbitration and stay proceedings.


 
Background
          In 2001, Real Party in Interest James H. Greer possessed valuable stock options
worth several million dollars. Deutsche Bank and the Bank One Defendants
approached Greer and suggested that, under their guidance, he establish a “tax
shelter” to mitigate tax consequences from his large profits. Greer agreed, opening
accounts and performing complex transactions according to Deutche Bank’s and the
Bank One Defendants’ advice. However, the IRS disallowed the tax shelter, and
Greer allegedly lost millions. 
          In 2004, Greer sued the Bank One Defendants for, among other things, fraud
and breach of fiduciary duty. Pursuant to an arbitration agreement he signed with
Deutsche Bank, Greer initiated arbitration proceedings against Deutsche Bank before
the National Association of Securities Dealers (“NASD”) in 2005. The arbitration
agreement provides, in relevant part:
I agree to arbitrate with you any controversies which may
arise, whether or not based on events occurring prior to the
date of this agreement, including any controversy arising out
of or relating to any account with you, to the construction,
performance or breach of any agreement with you, or to
transactions with or through you, only before the New York
Stock Exchange or the National Association of Securities
Dealers Regulation, Inc., at my election.
In April 2005, Bank One filed a motion to stay proceedings in the trial court pending
resolution of the arbitration with Deutsche Bank. Shortly thereafter, Deutsche Bank
moved that the arbitration hearing should cease pending resolution of Greer’s suit
against Bank One in civil court. The NASD granted Deutsche Bank’s motion, and
the trial court denied Bank One’s motion. 
          White & Case LLP, Deutsche Bank’s counsel, independently as one of the
Bank One Defendants co-defendants, moved to compel arbitration in January 2007. 
The trial court granted the motion. At the hearing to compel arbitration, the Bank
One Defendants were asked if they intended to assert rights to arbitrate along with
White & Case and Deutsche Bank. The Bank One Defendants responded that they
would not seek arbitration. In October 2007, the Bank One Defendants filed their
motion to compel arbitration and stay proceedings. Judge Halbach denied the motion
in an order dated November 6, 2007. 
Mandamus
          Mandamus relief is available only to correct a “clear abuse of discretion” when
there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding). Clear abuse of discretion occurs when a trial court “reaches
a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error
of law.” Id. (citing Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985) (orig. proceeding)). The reviewing court may not substitute its judgment for
that of the trial court when reviewing factual issues. Id. at 839–40. Even if the
reviewing court would have decided the issue differently, it cannot disturb the trial
court’s decision unless it is shown to be arbitrary and unreasonable. Id. at 840. 
          The parties do not dispute that the Federal Arbitration Act (the “FAA”) governs
this case. Because there is no right of interlocutory appeal under the FAA, review by
petition for writ of mandamus is proper. Metro. Life Ins. Co. v. Lindsay, 920 S.W.2d
720, 722 (Tex. App.—Houston [1st Dist.] 1996, no writ). 
Discussion
A. Arbitration
          The Bank One Defendants contend that, even though they were nonsignatories
to the arbitration agreement, they should be permitted to join the arbitration. They
cite federal cases in which nonsignatories are joined in arbitration under the
“concerted misconduct rule” of equitable estoppel, and they protest the alleged
disparate treatment between themselves and White & Case. Greer responds that a
recent Texas Supreme Court case governs the issues at hand and unequivocally
supports the trial court’s decision denying compelling arbitration. See In re Merrill
Lynch Trust Co. FSB, 235 S.W.3d 185, 191 (Tex. 2007). Additionally, Greer
distinguishes the factual and legal circumstances surrounding White & Case’s
successful motion to compel arbitration from those surrounding the Bank One
Defendants’ failed motion. 
          Generally, only signatories to an arbitration agreement are bound by the
agreement. Brown v. Pac. Life Ins. Co., 462 F.3d 384, 398 (5th Cir. 2006). However,
federal courts recognize equitable estoppel as a means for nonsignatories to join
arbitration. Merrill Lynch, 235 S.W.3d at 191. Equitable estoppel offers two variants
that nonsignatories may invoke to compel arbitration with a signatory. Grigson v.
Creative Artists Agency, L.L.C., 210 F.3d 524, 527 (5th Cir. 2000). The first variant,
direct benefit equitable estoppel, occurs when nonsignatories seek a direct benefit
from a contract with an arbitration clause. Id. The second variant, interdependent
and concerted misconduct, occurs when misconduct claims asserted in a trial court
and in arbitration are identical and intertwined. Id. Here, the Bank One Defendants
assert interdependent and concerted misconduct equitable estoppel exclusively. 
          While the Texas Supreme Court has recognized equitable estoppel on a few
occasions, it has never compelled arbitration based solely on interdependent and
concerted misconduct. Merrill Lynch, 235 S.W.3d at 191. Merrill Lynch uses the
United States Supreme Court’s conservative view of the FAA as guidance. Id. at 192.
(Arbitration “is a matter of consent, not coercion,” and the FAA “does not require
parties to arbitrate when they have not agreed to do so. . . .”). Moreover, Merrill
Lynch notes that the common transactional origin of two claims does not necessitate
arbitration. Id. 
          Here, the Bank One Defendants seek arbitration solely on interdependent and
concerted misconduct. They offer federal court precedent supporting concerted
misconduct as a means to compel arbitration, but only address the alleged
inapplicability of Merrill Lynch in a footnote. Specifically, the Bank One Defendants
first contend that the arbitration agreement between Deutsche Bank and Greer is
broader than the arbitration agreement at issue in Merrill Lynch. Second, they point
out that they have no contract with Greer, while the Merrill Lynch plaintiffs had
executed agreements with the nonsignatories but purposely had omitted arbitration
clauses. Third, the Bank One Defendants note mention of “close relationship” in
Merrill Lynch, a test distinct from concerted misconduct and used by some federal
courts to permit arbitration by nonsignatories. “Close relationship” occurs in
“instances of strategic pleading by a signatory who, in lieu of suing the other party
for breach, instead sues that party’s nonsignatory principals or agents for pulling the
strings.” Id. at 194.
          First, the arbitration agreements in the matter at issue and in Merrill Lynch both
limit the arbitration to the signatories. Second, Greer’s lack of contract with the
Bank One Defendants does not favor arbitration. In fact, the lack of any contract
between Greer and the Bank One Defendants underscores their separation and
diminishes the applicability of coerced arbitration. Third, the “close relationship”
condition is inapplicable. It does not conform to the facts of the case because Greer
has not sued a nonsignatory principal or agent.
          The Bank One Defendants did not attempt to compel arbitration until two-and-one-half years after Greer filed suit against them. They are not signatories to the
arbitration agreement, and the trial court’s refusal to apply the “concerted
misconduct” equitable estoppel avenue to arbitration does not amount to a clear abuse
of discretion. While federal circuit courts adopt a moderately generous interpretation
of equitable estoppel, the two courts to which we must defer, the Texas Supreme
Court and the U.S. Supreme Court, adopt a conservative approach supporting denial. 
Accordingly, we decline to issue mandamus on this ground. 
B. Stay of Proceedings
          Merrill Lynch weakens the Bank One Defendants’ mandamus to compel
arbitration, but supports their mandamus to stay proceedings. Id. at 195. According
to Merrill Lynch, “when an issue is pending in both arbitration and litigation, the
Federal Arbitration Act generally requires the arbitration to go forward first.” Id. 
The court in Merrill Lynch denied arbitration for two nonsignatories to the arbitration
agreement, but granted their mandamus to stay proceedings pending arbitration
because of the similarity of the issues involved in arbitration and the trial court.


 Id.
at 196. 
          In Merrill Lynch, the nonsignatories who failed in seeking arbitration but
succeeded in staying proceedings were Merrill Lynch Trust and Merrill Lynch Life. 
Id. at 188. These nonsignatories were affiliates of Merrill Lynch, the signatory to the
arbitration. Merrill Lynch articulates one standard to determine whether litigation
should be stayed: if collateral litigation addresses the same issues as arbitration, thus
threatening to render the arbitration moot, the litigation must abate pending the
arbitration. Id. at 195–96. This conforms with the policy guiding the Federal and
Texas Arbitration Acts. Id. at 195. In the case at hand, many of the same issues are
addressed in litigation and arbitration. The fact that the Bank One Defendants are
nonsignatories to the arbitration agreement is irrelevant. Accordingly, the trial court
abused its discretion in denying the Bank One Defendants’ motion to stay litigation. 
 
ConclusionWe hold that the trial court did not abuse its discretion by denying the motion
to compel arbitration and that it abused its discretion by denying the motion to stay
litigation. The writ will only issue if the trial court fails to act promptly in accord
with this Opinion. We overrule all pending motions as moot. The temporary stay of
all trial court proceedings entered on January 14, 2008, remains in effect until the
resolution of arbitration between Greer and Deutsche Bank. 
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
 
Panel consists of Justices Nuchia, Hanks, and Higley.