NO. 07-08-00185-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 24, 2008


______________________________



SUZANNE MCDONALD, APPELLANT



V.



TEXAN NURSING & REHAB OF AMARILLO, LLC, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 58469-C; HONORABLE ANA ESTEVEZ, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Larry McDonald filed a notice of appeal on April 23, 2008. He did not pay the filing
fee required under the Rules of Appellate Procedure or file an affidavit of indigence in
conformity with Rule of Appellate Procedure 20.1. Nor did he file a docketing statement
as required by Rule of Appellate Procedure 32.1. By letter from this Court dated April 29,
2008, we advised McDonald "the filing fee in the amount of $175.00 has not been paid. 
Failure to pay the filing fee within ten (10) days from the date of this notice may result in
dismissal. Tex. R. App. P. 42.3(c)." The letter also directed McDonald to file a docketing
statement within ten days. McDonald has not filed a docketing statement, paid the filing
fee as directed, or filed an affidavit of indigence. Accordingly, we dismiss the appeal. Tex.
R. App. P. 5, 42.3(c).

 


 James T. Campbell

 Justice 









ed by law where there is no other remedy by law. Johnson v. Fourth Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). A remedy by appeal is not inadequate
merely because it might involve more delay or cost than a mandamus action. In re Ford
Motor Co., 988 S.W.2d 714, 721 (Tex. 1998). The burden is on the party seeking
mandamus to establish that he has no adequate remedy by appeal. In re Bay Area
Citizens Against Lawsuit Abuse, 982 S.W.2d 371, 375 (Tex. 1998). Relator has failed to
meet that burden with respect to his request that we vacate the judgment or orders in the
underlying lawsuit affecting him. First, he has failed to direct us to the specific orders that
should be vacated other than the judgment notwithstanding the verdict entered by Judge
Sheehan. Second, he has failed to show that the propriety of the judgment
notwithstanding the verdict or other orders of the trial court cannot be attacked on direct
appeal.

 As to relator's request that we order Judge Sheehan to disqualify himself from
conducting further proceedings in both the underlying original lawsuit and the severed
cause of action, he has obtained the relief he sought by virtue of the orders of recusal
entered by Judge Moore. Therefore, this issue is moot, and there is no need for us to
address it. 


 Finding that mandamus relief is not appropriate, we overrule relator's petition for 
extraordinary writ. The stay of proceedings previously entered by this court is vacated.


 Per Curiam 


Do not publish. 


 
1. Retired Justices Carlton B. Dodson and Bob Dickenson are sitting by assignment.