NO. 07-09-0162-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 31, 2009
______________________________

IN RE LEVI ALEXAS KING, RELATOR
_______________________________


Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.



OPINION
Â Â Â Â Â Â Â Â Â Â Relator, Levi Alexas King, seeks a writ of mandamus compelling respondent, the
Honorable Steven R. Emmert, to set aside a First Amended Restrictive and Protective
Order that was entered during pretrial proceedings in Kingâs trial for capital murder. We
deny the requested relief.
Background
Â Â Â Â Â Â Â Â Â Â King is charged with the offense of capital murder and the State is seeking the death
penalty. During the course of pretrial proceedings in the case, Judge Emmert issued a
Restrictive and Protective Order on March 10, 2009. King objected to the Order and, at
a hearing held on April 30, 2009, Judge Emmert overruled Kingâs objections. Thereafter,
on May 20, 2009, King filed a Petition for Writ of Mandamus with this Court. After
requesting a response from Judge Emmert, the Court received a âclerkâs recordâ that
contained a First Amended Restrictive and Protective Order. Upon receipt of this amended
order, the Court directed King to certify whether this amended order satisfactorily resolves
the issues raised in Kingâs Petition for Writ of Mandamus. King responded certifying that
the amended order does not resolve the issues raised in the petition. On the basis of this
certification, the Court notified Judge Emmert that we will consider Kingâs Petition for Writ
of Mandamus to relate to the First Amended Restrictive and Protective Order


 and
requested a response. On July 15, 2009, the Court received a response filed by the Gray
County District Attorney.
Â Â Â Â Â Â Â Â Â Â King challenges Judge Emmertâs order on the basis that it violates the United States
and Texas Constitutions because Judge Emmert failed to make specific findings,
supported by evidence, (1) of imminent and irreparable harm if the order were not issued,
(2) of the substantial likelihood of material prejudice to Kingâs fair trial rights, and (3) that
the order was the least restrictive means available.
Â Â Â Â Â Â Â Â Â Â The First Amended Restrictive and Protective Order recites:
This Court takes judicial notice of the following obvious matters, to-wit:
1) the unusually emotional nature of the issues involved in this case;
2) the extensive local and regional media coverage this case has already
generated;
Â 
3) the various and numerous media interviews with counsel for the parties
that have been published and broadcast by local and regional media; and
Â 
4) the various and numerous media interviews with counsel for the defense
which have previously been published and broadcast by local and regional
media on numerous occasions in which counsel has made statements that
defendant desires to enter a plea of guilty. 
On the basis of the judicial notice taken of these facts, Judge Emmert found that (1) âif
defense counsel is permitted to continue to make statements to the media regarding
defendantâs culpability and desire to enter a plea of guilty, defendant will be denied his right
to a fair trial . . . ;â (2) âdefense counselâs continued statements to the media regarding
defendantâs culpability and desire to enter a plea of guilty will result in imminent and
irreparable harm to the judicial process and deprive defendant a just and fair trial; (3)
âdefense counselâs statements to the media regarding defendantâs culpability are intended
to frustrate the very purpose of the criminal justice system and have no legitimate legal
strategic purpose;â (4) defense counselâs continued statements will âdivert the trial from
the very purpose of the court system;â (5) âcounselâs willingness to give interviews to the
media would only serve to increase the volume of pre-trial publicity;â (6) counselsâ
willingness to give interviews to the media would only serve to increase pretrial publicity,
which will interfere with Kingâs fair trial rights; (7) âno less restrictive means exists to treat
the specific threat to the judicial process generated by this pre-trial publicity;â and (8) the
order âis necessary to preserve all venue options and a delay in proceedings would not
lessen the publicity generated by this case.â On the basis of these findings, the order
restricts comment on the case such as, inter alia, 
No party to this action, nor any attorney connected with this case as defense
counsel or prosecutor, nor any other attorney, nor any judicial officer or
employee, nor any public official, including but not limited to any chief of
police or sheriff, nor any agent, deputy, or employee of such persons, nor
any grand juror, nor any witness having appeared before the grand jury or
summoned by request or subpoena to testify in this trial, shall release or
authorize the release for public dissemination of any matters relating to this
case, except that which has been adduced into evidence and in argument in
open court.
Law and Analysis
Â Â Â Â Â Â Â Â Â Â In a criminal proceeding, mandamus relief is available âonly if the relator can
demonstrate that: 1) he has no other adequate remedy at law; and 2) under the relevant
law and facts, the respondent âclearly abusedâ his discretion or the act sought to be
compelled is âpurely ministerial.ââ State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 215
(Tex.Crim.App. 2003) (orig. proceeding).
Â Â Â Â Â Â Â Â Â Â King contends that the order violates both the First Amendment of the United States
Constitution and Article I, section 8, of the Texas Constitution. Article I, section 8, of the
Texas Constitution provides, in pertinent part, that âEvery person shall be at liberty to
speak, write or publish his opinions on any subject, being responsible for the abuse of that
privilege . . . .â Tex. Const. art. I, Â§ 8. This provision of the Texas Constitution has been
held to provide greater rights of free expression than those granted by the First
Amendment of the United States Constitution. Davenport v. Garcia, 834 S.W.2d 4, 10
(Tex. 1992) (orig. proceeding). In cases involving prior restraint of speech, such as in the
present case, the prior restraint is presumed unconstitutional and âwill withstand
constitutional scrutiny only where there are specific findings supported by evidence that (1)
an imminent and irreparable harm to the judicial process will deprive litigants of a just
resolution of their dispute, and (2) the judicial action represents the least restrictive means
to prevent the harm.â Id.; In re Graves, 217 S.W.3d 744, 749 (Tex.App.âWaco 2007, no
pet.) (orig. proceeding) (applying Davenport test in criminal case). Under the First
Amendment, we review a protective order to determine (1) whether the order is narrowly
tailored, (2) whether the order is the least restrictive means, and (3) whether the threshold
standard for imposing prior restraint has been met, which, in the Fifth Circuit, means
whether there is a substantial likelihood of material prejudice to the defendantâs fair trial
rights in the absence of the order. See United States v. Carmichael, 326 F.Supp.2d 1267,
1293 (M.D. Ala. 2004) (collecting cases).
Â Â Â Â Â Â Â Â Â Â In the present case, an affidavit of Kingâs counsel states that a hearing was held on
the Restrictive and Protective Order on April 30, 2009, at which Judge Emmert orally
denied Kingâs written request to vacate and set aside the order. Further, the First
Amended Restrictive and Protective Order states that the court reconsidered its ruling on
Kingâs Motion to Vacate and Set Aside Restrictive and Protective Order and that King was
âgiven an opportunity to object to matters of which the Court intended to take judicial
notice.â The order further recites that Judge Emmert ârecited specific matters of which the
Court intended to take judicial notice,â but â[n]o objections were entered by defense
counsel.â Thus, it is possible that evidence was offered at one or both of these hearings
that would support the specific findings entered by the trial court in this case.
Â Â Â Â Â Â Â Â Â Â In a mandamus proceeding, it is the relatorâs burden to show entitlement to the relief
being requested. See Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917
(Tex. 1985) (orig. proceeding). Relator must file with the petition (1) a certified sworn copy
of every document that is material to the relatorâs claim for relief and which was filed in any
underlying proceeding, and (2) a properly authenticated transcript of any relevant testimony
from any underlying proceeding, including any exhibits offered in evidence, or a statement
that no testimony was adduced in connection with the matter about which complaint is
made. Tex. R. App. P. 52.7(a). The burden rests with the relator to provide the appellate
court with a sufficient record to establish its right to mandamus relief. Walker v. Packer,
827 S.W.2d 833, 837 (Tex. 1992). 
Â Â Â Â Â Â Â Â Â Â In the present case, the First Amended Restrictive and Protective Order specifically
finds that âdefense counselâs continued statements to the media regarding defendantâs
culpability and desire to enter a plea of guilty will result in imminent and irreparable harm
to the judicial process and deprive defendant a just and fair trialâ and that âno less
restrictive means exists to treat the specific threat to the judicial process generated by this
pre-trial publicity.â Thus, the order contains the specific findings required to overcome the
presumption that the order is constitutionally infirm. See Davenport, 834 S.W.2d at 10. 
King has failed to provide this Court a properly authenticated transcript of any relevant
testimony from either of these hearings and, further, has not stated that no testimony was
adduced in connection with the matter about which the complaint is made. See Tex. R.
App. P. 52.7(a). As such, we cannot determine whether the order in the present case
violates either the United States or Texas Constitutions. Thus, because King has failed
to meet his burden of establishing his right to mandamus relief, we deny his petition.
Â 
Conclusion
Â Â Â Â Â Â Â Â Â Â For the foregoing reasons, we deny Kingâs Petition for Writ of Mandamus.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice








> SEQ CHAPTER \h \r 1NO. 07-11-0037-CV

Â 

IN THE COURT OF
APPEALS

Â 

FOR THE SEVENTH
DISTRICT OF TEXAS

Â 

AT AMARILLO

Â 

PANEL D

Â 

APRIL 12, 2011

______________________________

Â 

NANCY Y. IIAMS,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

Â 

V.

Â 

FEDERAL NATIONAL
MORTGAGE ASSOCIATION a/k/a FANNIE MAE,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

_________________________________

Â 

FROM THE COUNTY COURT
AT LAW NO.
4 OF WILLIAMSON COUNTY;

Â 

NO. 10-1185-CC4; HON.
JOHN B. McMASTER, PRESIDING

_______________________________


Â 

Abatement

_______________________________


Â 

Â 

Before QUINN, C.J., and CAMPBELL
and PIRTLE, JJ.

Â Â Â Â Â Â Â Â Â Â Â  Appellant appeals a judgment in
favor of appellee in an action for forcible entry and
detainer.Â  Subsequent to the filing of
this appeal, however, this Court received notice from appellant that she has
filed a voluntary petition in bankruptcy under Chapter 7 of the United States
Bankruptcy Code.Â  Said notice included a
file-marked copy of the Notice of Chapter 7 Bankruptcy Case and summons.Â  Pursuant to 11 U.S.C.Â Â§362, any further
action in this appeal is automatically stayed.Â 









Â Â Â Â Â Â Â Â Â Â Â  Under these circumstances, and for
administrative purposes, this appeal is removed from the docket of this Court
and abated.Â  The appeal will be
reinstated upon proper motion to sever with respect to any non-bankrupt party or
motion to reinstate as permitted by federal law or the bankruptcy court,
specifying the action required by this Court.

Â Â Â Â Â Â Â Â Â Â Â  Accordingly, the appeal is abated.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam

Â 

Â 

Â 

Â 

Â