**Motion Denied; Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 19, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00605-CV

### IN RE DAVID LEWIS AND ERNEST MAESE, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-75378**

## MEMORANDUM OPINION

On June 28, 2012, relators David Lewis and Ernest Maese filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relators complain that respondent, the Honorable Jaclanel McFarland, presiding judge of the 133rd District Court of Harris County, abused her discretion in her March 26, 2012 order to pay funds into the registry of the court pending the outcome of the underlying litigation. Relators also filed a motion for emergency relief asking that this court to stay the trial court's March 26, 2012 order and its June 1, 2012, order enforcing that order, and to stay the underlying litigation. This court denied the motion for stay on June 29, 2012. On July 12, 2012, relators filed a motion to reconsider the denial of their stay request. We deny the motion to reconsider.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). On mandamus review of factual issues, a trial court will be held to have abused its discretion only if the party requesting mandamus relief establishes that the trial court could have reached but one decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

When a petition for writ of mandamus is filed, a relator bears the burden of showing his entitlement to the relief requested. *Walker*, 827 S.W.2d at 840–44. Relators have not met that burden.

Accordingly, we deny relators' petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

2