In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00273-CV

_____


IN RE OXBOW CALCINING LLC

_____

Original Proceeding
172nd District Court of Jefferson County, Texas
Trial Cause No. E-201,894

_____

**MEMORANDUM OPINION**

Oxbow Calcining LLC filed a petition for writ of mandamus to compel the trial court to vacate an order denying relator's motion to quash a hearing on Port Arthur Steam Energy, L.P.'s (PASE) Application for Post-Judgment Enforcement Orders. We entered a stay and requested further briefing.

In 2011, Oxbow and PASE had a dispute concerning certain rights and duties under a Heat Energy Agreement (Heat Agreement) that resulted in an arbitration award of $3,409,781.57 to PASE. According to the arbitration award, PASE was entitled to lost revenue caused by Oxbow's breach of provisions in the Heat

1

Agreement. The arbitration award expressly states further that: "This is not a cash award requiring Oxbow to write PASE a check. It shall be handled in accordance with the specific provisions of the Heat Agreement regarding the heat bank as an offset."[1] The award was confirmed by the 151st District Court of Harris County.

On June 8, 2018, PASE filed a Petition and Application for Post-Judgment Enforcement Orders in the 172nd District Court of Jefferson County. Oxbow owns and operates a coke calcining plant located in Port Arthur, Jefferson County, Texas. PASE owns and operates a steam plant that is adjacent and connected to Oxbow's petroleum coke calcining plant in Jefferson County, Texas. PASE requested the appointment of a receiver under section 31.002 of the Civil Practice and Remedies Code to monitor and control Oxbow's coke calcining plant to maximize the delivery of flue gas energy to PASE. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West Supp. 2017).

Oxbow filed a motion to transfer venue to Harris County and subject to its motion to transfer venue, moved to compel arbitration of the dispute under the Heat Agreement. Oxbow filed a motion to quash the hearing on PASE's application for a

---

[1] PASE concedes that it was not to recover a monetary payment for damages directly from Oxbow, and that it was to recover the damages awarded in the judgment by offsetting "Heat Payments" that the arbitration panel anticipated PASE would be making to Oxbow under Section 6 of the Heat Agreement over a period of twelve or more years.

2

turnover order and appointment of a receiver, which, in part, argued that the motion to transfer venue and motion to compel arbitration should be decided first. The trial court denied Oxbow's motion to quash.

In its mandamus petition, Oxbow contends the trial court clearly abused its discretion by denying the motion to quash when a motion to transfer venue and a motion to compel arbitration based on a mandatory arbitration provision in the Heat Agreement will not be decided before the scheduled hearing on PASE's application for a turnover order. Oxbow contends it lacks an adequate remedy by appeal because the order effectively deprives Oxbow of its contractual right to arbitration and severely compromises its ability to present its defense at the hearing on PASE's application for a turnover order.

**Mandamus Review**

A writ of mandamus traditionally has been only to "compel the performance of a ministerial act or duty." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). The use has been expanded to "correct a 'clear abuse of discretion' committed by the trial court". *Id*. A trial court clearly abuses its discretion if "'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id*. (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917). The relator must establish that the trial court could reasonably

3

have reached only one decision. *Id*. at 840. "On the other hand, review of a trial court's determination of the legal principles controlling its ruling is much less deferential." *Id.* "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id.* "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion[] and may result in appellate reversal by extraordinary writ." *Id*.

Oxbow must also demonstrate that it has no adequate remedy by appeal. *See In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Mandamus review of incidental, interlocutory rulings by the trial court unduly interferes with trial court proceedings and adds to the expense and delay of civil litigation. *Id.* at 136. However, mandamus review of significant rulings in exceptional cases may, at times, be essential to preserve important substantive and procedural rights from impairment or loss and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. *Id.* When the benefits to mandamus review outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate. *Id.* "[W]hether an appellate remedy is 'adequate' so as to preclude mandamus review depends heavily on the circumstances presented and is better guided by general

4

principles than by simple rules." *Id.* at 137. Mandamus review is appropriate if "the error was clear enough[] and correction simple enough[.]" *Id.*

In its mandamus petition, Oxbow contends the trial court clearly abused its discretion by denying the motion to quash when a motion to transfer venue and a motion to compel arbitration based on a mandatory arbitration provision in the Heat Agreement will not be decided before the scheduled hearing on PASE's application for a turnover order. Oxbow contends it lacks an adequate remedy by appeal because the order effectively deprives Oxbow of its contractual right to arbitration and severely compromises its ability to present its defense at the hearing on PASE's application for a turnover order.

The hearing that Oxbow seeks to quash is on PASE's request for turnover of assets and relates to post-judgment enforcement of a judgment. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 31.002. The turnover statute is purely procedural in nature. *Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 783 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding). The purpose of a turnover proceeding is merely to ascertain whether an asset is in the possession of the judgment debtor or subject to the debtor's control. *Id*. The statute does not allow for a determination of the parties' substantive rights. *Id.*

Whether the arbitration award reduced to judgment allows the real party in interest to seize control of the relator's plant or to obtain a turnover order or receivership, whether the dispute is a "new dispute" or seeks additional substantive relief, whether venue of this matter is proper in Jefferson County, Texas, and whether the matter should be arbitrated are issues that have not yet been determined by the trial court, and such issues are not currently before us. We expressly do not rule on any of these questions. The only questions before a trial court at a hearing on an application for turnover are: (1) whether the judgment creditor is entitled to turnover of nonexempt assets to obtain satisfaction of a judgment; (2) whether the judgment debtor is in possession of an asset that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities under the judgment; and (3) whether the trial court should appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 31.002. Any resulting order that grants the turnover or appoints a receiver or that functions as a mandatory injunction will be appealable. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 586 (Tex. 2018); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1) (West Supp. 2017).

The matter that Oxbow seeks to quash is a hearing that is limited to post-judgment enforcement of an arbitration award. Whether the Judgment in this case allows the real party in interest to seize control of the relator's plant is a matter that has not yet been determined by the trial court. After reviewing the mandamus petition and record, we conclude that an appeal of a turnover order will provide adequate relief in this instance. We lift our July 20, 2018 stay order and deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on July 31, 2018
Opinion Delivered August 9, 2018

Before McKeithen, C.J., Kreger and Johnson, JJ.

7